UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHUC VAN TRAN** | CIVIL ACTION NO:   09-3209 |
| | c/w   09-6221 |
| **VERSUS** | c/w   10-1705 |
| | |
| **KENNY BOY OF MANDEVILLE, INC.,** | SECTION:   "R" |
| **M/V KENNY BOY, IN REM, G&M MARINE,** | |
| **INC., ST. PAUL FIRE & MARINE,** | DIVISION:   "3" |
| **NATIONAL CASUALTY COMPANY and** | |
| **AMERICAN ALTERNATIVE INSURANCE** | JUDGE:   SARAH H. VANCE |
| **CORPORATION** | |
| | MAGISTRATE:   DANIEL KNOWLES |

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

MAY IT PLEASE THE COURT:

Defendants, St. Paul Fire & Marine Insurance Company, National Casualty Company and American Alternative Insurance Corporation, respectfully submit this Memorandum in Support of their Motion for Summary Judgment:

**I.**

**BACKGROUND**

**The Facts**

On March 14, 2009, the F/V KENNY BOY, a fishing vessel owned and/or

operated by Kenny Boy of Mandeville, Inc., ("Kenny Boy") was hit by the M/V RACHEL BORDELON, a vessel owned and/or operated by Bordelon Marine, Inc. ("Bordelon"). Both vessels sustained damage to their hulls.

G&M Marine, Inc. ("G&M"), a marine insurance underwriter, had procured a policy of marine insurance (the "Policy") for Kenny Boy at the request of Kenny Boy's insurance agent, Allied Security Insurance Agency. There are three insurers on the Policy: St. Paul Fire & Marine Insurance Company, National Casualty Company, and American Alternative insurance Corporation (collectively the "Insurers"). Each Insurer subscribes to approximately one-third of the Policy. Exhibit "A," Policy No. SGM002685 at page 2.

The Policy provides marine hull and protection and indemnity insurance to Kenny Boy and its vessel, the F/V Kenny Boy, for the period between July 5, 2008 and July 5, 2009. *See id.* at Page 1. The Policy also includes a TOTAL ON BOARD WARRANTY which states:

> "Notwithstanding anything contained herein to the contrary, it is warranted that the total number of persons aboard the vessel(s) named herein at any one time shall not exceed 4."

*Id.* at 11.

In addition to procuring the Policy, G&M also adjusts claims on behalf of the

2

subscribing Insurers. The collision occurred on March 14, 2009. G&M was first notified of the collision March 17, 2009. G&M subsequently assigned Mr. David Gauthreaux of Shuman Consulting Services, LP, to investigate the facts and circumstances of the collision.

On March 18, 2009, Mr. Gauthreaux met with Captain Thinh Ba Nguyen, Master aboard the F/V Kenny Boy at the time of the collision. Mr. Gauthreaux took a recorded statement from Capt. Nguyen. *See* Exhibit B, March 18, 2009 Transcript of Statement of Capt. Nguyen. In his statement, Capt. Nguyen stated without reservation that there were five persons onboard, consisting of three deckhands, Second Captain and Captain.[1]  *Id.* at 13-14.

Upon learning that Kenny Boy had breached the Policy's Total On Board Warranty, G&M advised Kenny Boy that there was "no coverage for any injuries associated with th[e] incident." *See* Exhibit C, March 23, 2009 Denial of Coverage Letter; *see also* Exhibit "D," Affidavit of Mr. Gauthreaux (affirming that his investigation determined that there were five persons on board the F/V Kenny Boy at the time of the collision).

**The Complaint**

All of the persons on board the F/V KENNY BOY, with the exception of Second Capt. Dong Tran, have filed claims for personal injury in this matter against Bordelon and Kenny Boy. *See* Docket Pleading No. 11, filed 11/11/09. Phuc Van Tran ("Tran") separately filed suit against Kenny Boy and its Insurers on June 19, 2010. The two

---

[1] The following five persons were aboard the F/V Kenny Boy at the time of the collision: Second Capt. Dong Tran, Capt. Thinh Ba Nguyen, and deckhands Cuong Van Le, Hanh Van

3

suits have been consolidated under Civil Action No. 09-3209.

Tran's Complaint alleges that his injuries were caused by the negligence of Kenny Boy, and that G&M and Kenny Boy's Insurers "are jointly, severally and solidarily liable and responsible for the damages and negligence set forth Above." *See* Exhibit E, Complaint, Art. 11 and 12.

Tran's claims against the Insurers should be dismissed. G&M and the Insurers' only potential liability to Tran is by virtue of the Policy, which Tran claims covers the alleged damages from the collision. But the Policy provides no coverage for this loss as a matter of law. As explained below, Kenny Boy's breach of the Total On Board Warranty voids coverage under the Policy. The warranty is clear and unambiguous. It requires that there be no more than four persons on board the vessel at any time. Kenny Boy undisputedly breached this warranty by having five persons on board the vessel at the time of the collision. G&M and the Insurers are, therefore, entitled to summary judgment dismissing Tran's claims their entirety.

## II.

## **LAW & ARGUMENT**

**A.   Summary Judgment Standard**

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 744 U.S. 317, 323 (1986). When a party has moved for summary judgment, the non-moving party must set forth specific

---

Truong, and Phuc Van Tran.

facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported Motion for Summary Judgment; only disputes over facts that might affect the outcome of the lawsuit under the governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48.

Here, there is no genuine issue of any material fact. Kenny Boy undisputedly breached a material warranty in the Policy. As a matter of law, G&M and the Insurers are entitled to summary judgment.

**B.     Breach of a Warranty in a Marine Insurance Policy Voids Coverage Under Both Federal Maritime Law and Louisiana State Law**

The Policy is a marine policy providing hull and machinery and protection and indemnity coverage to the F/V KENNY BOY and Kenny Boy. The interpretation of a marine insurance policy and warranties contained therein is a question of law for the Court. As early as 1931, the Fifth Circuit Court of Appeals set forth the legal principals that apply to this case. In *Aetna Insurance Company v. Houston Oil & Transport Co.,* 49 F.2d 121 (5th Cir. 1931) the TUG MINNIE R was laid up at a dock near Houston. The policy of insurance contained a warranty which stated:

> Warranty by the assured that the said vessel shall at all times during the continuance of this policy . . . shall at all times have a competent watchman on board, except that when the vessel is laid up and out of commission she shall be in charge of a competent watchman.

On the day before the event, the owner of the MINNIE R visited the vessel and allowed the watchman on duty to depart and go to Houston on business. The

5

watchman did not return until 8:00 a.m. the next morning. As fate would have it, he arrived too late. The MINNIE R had been totally consumed by a fire between 4:00 a.m. and 6:00 a.m. during his absence. Aetna denied coverage to the owner for the loss. The District Court ruled for the insured and rendered judgment against Aetna for the full value of the policy.

The Fifth Circuit reversed and set forth principals of law to which it still adheres. The Court began with the principal that "if any part of an insurance contract is ambiguous it must be construed strongly against the insurer. However, a contract of marine insurance must be interpreted in light of practical, sound common sense." Continuing, the Court wrote:

> Policies of marine insurance are governed by the general admiralty law . . . . Federal Courts look to the laws of England for guidance in matters of marine insurance and follow them unless, as a matter of policy, a different rule has been adopted. *Queen Ins. Co. v. Globe Ins. Co.,* 263 U.S. 487, 44 S.Ct. 175 (1924). With regard to express warranties, there is no difference that we are aware of. The watchman clause in this case is an express warranty. <u>The English Rule is that express warranties are to be literally complied with</u>. Arnould on Marine Insurance, (11th Ed.), Sec. 630. <u>The federal courts have generally adopted this rule. In perhaps the first reported American decision</u>, *Ogden v. Ash,* 1 Dall 162, I L.Ed. 82, it held that a warranty of this type <u>must</u> be strictly complied with.

(Emphasis added); *see also Yu v. Albany Insurance Company,* 281 F.3d 803 (9th Cir. 2002) (coverage voided where the policy contained a "captain warranty," requiring a specific individual to serve as captain "at all times the vessel is navigating." );

The owners of the MINNIE R also attempted to invoke the state law of Texas which provided that a breach of the warranty could not affect the rights of mortgagees to recovery. The Fifth Circuit quickly dismissed this argument, holding that "the policy

covered the vessel on navigable waters of the United States without as well as within the State of Texas. It was a maritime contract and therefore governed by the general admiralty law, and not by the law of Texas. *Southern Pacific Co. v. Jensen,* 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086, L.R.A. 1918C, 451, Ann.Cas. 1917E, 900; *Peters v. Veasey,* 251 U.S. 121, 40 S.Ct. 65, 64 L.Ed. 180; *Union Fish Co. v. Erickson,* 248 U.S. 308, 39 S.Ct. 112, 63 L.Ed. 261. The laws of Texas have no application to the case."

The Court, in support of its decision, also pointed out that the watchman warranty was material to the risk insured and Aetna's decision to issue the policy. Thus, it held that strict enforcement was required and the breach of the watchman warranty voided coverage.

Here, like in *Aetna Insurance Company v. Houston Oil & Transport Co.*, the Policy is a maritime insurance contract containing an express warranty by Kenny Boy that it would not have more than four persons aboard the M/V Kenny Boy at any one time. The warranty was material to G&M and the Insurers' decision to underwrite this risk. Strict enforcement of the Total On Board Warranty is required.

Under federal maritime law, it is of no consequence whether or not Kenny Boy's breach of the Total On Board Warranty caused the F/V KENNY BOY to collide with the M/V RACHEL BORDELON on March 14, 2009. As Judge Edith Clement explained in *New York & General Insurance Co. v. Gulf Marine Towing, Inc.*, 1994 A.M.C. 976 (E.D. La 1993):

> "express warranties [such as the one at issue] are strictly construed in admiralty law and [a] breach of the express warranty by the insured releases the insurance company from liability even if compliance with the warranty would not have avoided the loss."

*citing Lexington Ins. Co. v. Cooke's Seafood,* 1988 A.M.C. 1238, 835 F.2d 1364 (11th Cir. 1988) (emph. added).

Louisiana follows the same rule. Judge Clement in fact addressed this point in *New York & General Insurance. Co.* as well, stating:

> **whether breaches of the express exclusions increased the likelihood of the accident that actually occurred is irrelevant.** . . [there is] no material difference between potentially applicable [Louisiana] state law and federal law on the issue of whether the breach of warranty must have contributed to the loss in order for the policy to be void.

*Id.* at (citations omitted); *see also Albany Ins. Co. v. Ngo Van Nguyen,* 1996 WL 680252 (E.D. La. 1996).

The Fifth Circuit Court of Appeals' decision in *Graham v. Milky Way,* 824 F.2d 376, 384 (5th Cir. 1987) is also instructive. In *Graham*, Milky Way's jack-up vessel, STAR II, was jacked-up in 54 feet of water when she capsized. One crew member died and three were injured. Milky Way's insurance policy imposed a specific limitation: that the vessel would be "limited to 40 feet of water for elevating purposes." *Id.* at 378-79. The insurer denied coverage for Milky Way's breach of the warranty. The district court ruled that the limitations were "special conditions," not "warranties," and that breach of a special condition did not void coverage. *Id.* at 380. The Fifth Circuit reversed, finding that the limitations were warranties, and that breach of the warranty voids coverage regardless of causation.

Milky Way argued on appeal that, based upon Louisiana law and the purported application of (former) La. R.S. §22:619(A) and cases interpreting that statute, the breach of a representation made by an insured in securing insurance would only void

coverage if it was made in bad faith or with an intent to deceive, and thus coverage should not be denied. *Id.* at 382. The Fifth Circuit disagreed, holding:

> It is not apparent to this Court how Appellees contend this case applies to the policies at issue here. The navigational and operational limits contained in the policies . . . cannot be treated as representations made by the insured for purposes of La. R.S. §22:619(A). There is no evidence in the record to indicate that the limitations included in the policies were simply representations made in the course of negotiations.
>
> It would appear to the court that the navigational and operational limits included in the policies in question were fundamental to the ability of the parties to those policies to assess the risks against which STAR II was to be insured and should be considered as an exclusion rather than a representation.

*Id.* at 382-3. Noting that the Louisiana courts hold to strict application of policy exclusions, the Fifth Circuit found there was no coverage because it was voided by the operation of the STAR II outside of the limits imposed by the policy. *Id.,* citing *Lee v. Travelers Fire Ins. Co.,* 53 So.2d 692 (La. 1951).

The Court in *Graham* made it clear that: (1) it will not extend Louisiana's "anti-technical" statute to breach of warranty disputes in policies of marine insurance; (2) both Louisiana law and the admiralty law adhere to the doctrine that policy exclusions and breach of warranty provisions are to be strictly construed; (3) breach of an unambiguous express warranty operates to void coverage; and (4) it is not necessary that there be a causal link between the breach of warranty and the loss. Federal courts from other circuits have reached the same conclusions. *See e.g. Lexington Insurance Co. v. Cooke's Seafood,* 835 F.2d 1364 (11th Cir. 1988); *Aguirre v. Citizens Casualty Co. of New York,* 441 F.2d 141 (5th Cir. 1971); *Home Ins. Co. v. Ciconett,* 179 F.2d 892

(6th Cir. 1950); *Mutual Fire, Marine and Inland Insurance Company v. Costa,* 789 F.2d 83 (1st Cir. 1986); *St. Paul Fire & Marine Insurance Company v. Belle of Hot Springs, Inc.,* 844 F.2d 550 (8th Cir. 1988); *Hartford Fire Insurance Company v. Mitluf,* 208 F. Supp. 2d 407 (S.D.N.Y. 2002) (all demonstrating that the circuit courts across the nation are devoted to this rule of law preached by the Judges of the Fifth Circuit Court of Appeals).

Under federal maritime law and Louisiana state law, the breach of a warranty in an insurance policy voids coverage. This legal principle is well-established by the decisions of this Court, the Fifth Circuit Court of Appeals and other federal courts around the country. Accordingly, this Court should dismiss Tran's claims against G&M and the Insurers as a matter of law.

**C.    This Court Has Ruled That An Insured's Breach of The Total On Board Warranty Voids Coverage As A Matter of Law.**

Judge Stanwood Duval considered this same warranty in *Albany Insurance Company v. Nguyen,* 1996 WL 680252 (E.D. La. 1996), when he granted the insurer's motion for summary judgment and voided coverage. In Nguyen, Albany Insurance Company provided marine insurance on the shrimping vessel MISS THAO. The policy contained the same type of on board warranty at issue here. The warranty stated:

> WARRANTED that the total number of crew members, including the captain, aboard the vessel herein at any time shall not exceed 3.

While operating with five crew members on board, the MISS THAO collided with another vessel. Two of the MISS THAO's crew members made claims for injuries. Albany denied coverage for the personal injury claims based upon the insured's breach

of the on board warranty, instituted a declaratory judgment action, and filed a motion for summary judgment. Albany argued that the insured increased its risk of loss and violated the express warranty designed to protect Albany from such increased risk. The insured argued that the "increase of risk" is a question of fact.

In granting summary judgment for Albany, Judge Duval found that under either Federal law or Louisiana law, the insured's breach of the on board warranty voided coverage for the personal injury claims. In arriving at this decision, Judge Duval reasoned that the statement of the captain of the F/V MISS THAO (which was attached as an exhibit to the Motion), clearly stated that there were in excess of the warranted number of crew on board when the collision occurred.

Judge Duval wrote:

"Thus, there has been a breach of an express warranty upon which this policy was based. The policy is void, and Albany is entitled to judgment as a matter of law."

See Exhibit F, *Albany Insurance Company v. Nguyen,* 1996 WL 680252 (E.D. La. 1996).

This Court reached the same conclusion in *Centennial Insurance Company v. Dung Hung Nguyen,* U.S.D.C. E.D. La., Civil Action No. 04-298 (3-22-05); attached as Exhibit "G." In *Centennial Insurance Co.*, the total on board warranty at issue, like the warranty at issue here, stated:

> **CAPTAIN AND CREW (P&I)**
>
> If an owner or part owner of the insured vessel(s) is a Captain or a member of the crew of the insured vessel(s), or an owner or part owner of the vessel(s) is acting as Captain or member of the crew of an insured vessel(s), coverage under the Protection & Indemnity Section of the policy is limited to maintenance and cure for the owner and/or part owner. This provision applies whether the vessel(s) is owned by a corporation, partnership, individual, or individuals.
> WARRANTED that the total number of persons aboard the vessel(s) named herein at any one time shall not exceed 3.

A crew member brought claims against the vessel owner and its insurer, Centennial, for personal injuries he sustained while working aboard the vessel. Centennial moved for its dismissal on the grounds that breach of The Total On Board Warranty voided coverage for the accident and injury.

Judge Thomas Porteous found that there were four persons on board and ruled in favor of the insurer finding that no coverage "is afforded to the assured, Chao Nguyen, by the Centennial Insurance Company for the incident occurring on December 10, 2003 involving Mr. Dung Hung Nguyen, because the assured, Chao Nguyen, was in breach of a clear and express warranty set forth in the subject insurance policy." *See* Exhibit G, Motion for Summary Judgment, Memorandum in Support and Judgment dated March 28, 2005 in *Centennial Insurance Company v. Dung Hung Nguyen,*

U.S.D.C. E.D. La., Civil Action No. 04-298.[2]

Here, like in *Nguyen* and *Centennial Insurance Company*, there is no dispute that Kenny Boy breached the Total On Board Warranty. Mr. David Gauthreaux took Capt. Nguyen's statement on March 18, 2009, just four days after the collision occurred and just one day after it was reported to G&M. Capt. Nguyen definitively stated there were five persons on board the Kenny Boy:

> Q: Okay, who all was on board, can you tell me that?
>
> A: Yes er, me as the Captain was driving, er the owner.
>
> Q: And what's his name?
>
> A: Duong Tran
>
> Q: Okay and he was sleeping?
>
> A: Yes...Deckhand is H-A-N-G Tru..., and the other is Phuc er, I don't know his last name, and Lin, other one is Lin, that's it.
>
> **Q: So you got...**
>
> **A: So there's four, including me [Capt. Nguyen] is five....**
>
> **Q: A total of five people?**

---

[2] Courts from other jurisdictions interpreting similar on board warranties have similarly found that the breach of such warranties void coverage. For example, in *, Fireman's Fund Insurance Company v. Cox,* 742 F. Supp. 609 (M.D. Fl. 1989) the court found that there was no coverage under the policy where there were five crew on board in violation of the warranty stating the crew shall not exceed three. The court held:

> The presence of one or two additional crew members, particularly when the policy expressly set a limit of only three to begin with, is not a mere technical violation of the policy but significantly alters the risk of loss Plaintiff would be called on to bear. *Cf. Windward Traders v. Fred S. James & Co. of New York,* 855 F.2d 814, 818 (11th Cir. 1988).

    **A:**    **Yes sir.**

Exhibit B, pp. 13-14 of 23 (emph. added).

    Kenny Boy breached the Total On Board Warranty. This Court has consistently held the breach of this warranty voids coverage under both federal maritime law and Louisiana state law. It should reach the same holding here.

## **CONCLUSION**

    The insurers are entitled to summary judgment. There is no dispute that Kenny Boy breached the Total On Board Warranty contained in the Policy. The Captain of the F/V Kenny Boy has freely admitted this fact on the record. The law in this Circuit, whether it be federal maritime law or Louisiana state law, is clear. As demonstrated above, this Court has not only strictly enforced warranties in insurance policies, but has consistently voided coverage for an insured's breach of the very total on board warranty that is at issue in this case.

    St. Paul Fire & Marine Insurance Company, National Casualty Company and American Alternative Insurance Corporation pray that this Court grant summary judgment in their favor and dismiss Phuc Van Tran's claims against them, with prejudice.

                                          Respectfully submitted,

                                          /s/ Wilton E. Bland, III
                                          WILTON E. BLAND, III    (#3123)
                                          PATRICK E. COSTELLO   (#26619)
                                            JACQUES P. DEGRUY     (#29144)
                                            Mouledoux, Bland, Legrand & Brackett, LLC
                                            701 Poydras Street, Suite 4250
                                            New Orleans, Louisiana 70139

Telephone: (504) 595-3000
Facsimile: (504) 522-2121
*Attorneys for St. Paul Fire & Marine Insurance Company, National Casualty Company and American Alternative Insurance Corporation*
H:\0520\10270 Phuc Tran\Pleadings\MSJ Insurers\Memo in Support - MSJ.wpd

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 4, 2010, electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel in this matter.

There are no known non-participating CM/ECF parties.

<u>/s/ Wilton E. Bland, III</u>