## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BORDELON MARINE, INC., ET AL** | **CIVIL ACTION NO. 09-3209,** |
| **VERSUS** | **c/w 09-6221 and 10-1705** |
| **F/V KENNY BOY, ET AL** | **SEC. "R"   MAG. "3"** |

## KENNY BOY DEFENDANTS' CONTESTED AND UNCONTESTED FACTS

NOW INTO COURT through undersigned counsel come the Kenny Boy defendants and

respond to the insurers' Statement of Uncontested Facts (Document 103-10) as follows:

### Response to Insurers' Statement of Uncontested Facts

1.

Admitted.

2.

Admitted for the purposes of this motion only.     The purported policy appended to the summary judgment motion as an exhibit does not appear to be a certified copy of the policy and the insurer's representative has not been deposed, so the Kenny Boy defendants reserve the right to challenge the authenticity and completeness of the purported policy at a future date.

3.

Denied to the extent that this is an attempt to summarize or paraphrase the terms and conditions of the policy and a summary or paraphrase cannot be used to substitute or alter the terms and conditions of the policy.

4.

Admitted for the purposes of this motion only (see paragraph 2 above).

5.

Admitted.

6.

Admitted in part and denied in part. More specifically, the Kenny Boy defendants admit that there were five human beings aboard the vessel. However, for reasons set forth in their summary judgment opposition, it is the position of the Kenny Boy defendants that the owner/captain is not a "person" within the meaning of the Total On Board Warranty.

7.

Denied for lack of information. As previously set forth in various affidavits, the Kenny Boy defendants have received various documents in this matter but as they do not read or write English, they have not been able to understand the contents of the documents, and they have referred all documents to their former and current attorneys. Thus, the Kenny Boy defendants have no personal knowledge as to whether, or when, any particular document may have been received by them.

8.

Admitted in part, denied in part. It is true that four persons have filed personal injury claims as the result of the collision and this fact is reflected in the record. However, the Kenny Boy defendants have not separately verified the case numbers and dates of filing of the various claims, as this is not material to the issues presented by summary judgment. Defendants' use of the phrase "four of the five persons aboard" implies that the captain/owner is a "person" within the meaning of the Total On Board Warranty, a point which the Kenny Boy defendants deny as set forth in their opposition memorandum.

## Kenny Boy Defendants' Statements of Uncontested Fact

9.

At all times pertinent hereto, the Kenny Boy defendants acted with the utmost good faith toward the insurers.

10.

In every communication with the insurers, the Kenny Boy defendants provided accurate information concerning all relevant facts and answered all questions posed by the insurers' agent with complete and truthful answers.

11.

The Kenny Boy defendants do not read or write English.

12.

The insurers' agent, "Cathy", was aware of the Kenny Boy defendants' inability to read and write English. Therefore, she interviewed them in Vietnamese, advised them as to what policy would be suitable for their needs, and explained the terms of the proposed policy to them in Vietnamese.

13.

The Kenny Boy defendants reasonably relied on "Cathy" to prepare an accurate application for them to sign, select a suitable policy for their needs, and explain the policy terms to them.

14.

At all times pertinent hereto, "Cathy" was an agent of G & M Marine acting in the course and scope of her employment.

15.

At all times pertinent hereto, "Cathy" was an agent of the three insurer defendants (St. Paul Fire and Marine, National Casualty, and American Alternative) acting in the course and scope of her employment.

16.

The statements contained in the affidavits filed on behalf of the Kenny Boy defendants are true and accurate in all respects.

## Kenny Boy Defendants' Statements of Contested Fact

17.

Based on the existing record, the information contained in paragraphs 9 through 16 and designated by the Kenny Boy defendants as undisputed statements of fact are, in fact, undisputed: there is nothing in the record to indicate that any of these statements is inaccurate. However, to the extent defendant chooses to dispute any of these statements hereafter, the statements should be characterized as disputed issues of fact preventing entry of summary judgment.

18.

There is a disputed fact issue as to whether the term "person" is used as a term of art in the maritime insurance industry and, more particularly, the policy provisions and the discussions surrounding the purchase of the policy suggest that the term "person" is a term of art such that the owner/captain of the vessel is not a "person" within the meaning of the Total On Board Warranty. However, the current record is inconclusive on this matter.

19.

Full name of "David" and whether "David" was a duly authorized agent of G & M and/or the insurers at times pertinent hereto.

Respectfully submitted:

James P. DeSonier, Bar No. 4907
450 N. Causeway Blvd. Suite C
Mandeville, LA 70448
Telephone: (985) 951-8510
Facsimile: (985) 951-8545

## CERTIFICATE

I hereby certify that on the 19th day of October, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record, by operation of the court's electronic filing system.

James P. DeSonier