UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BORDELON MARINE, INC.** | CIVIL ACTION NO: | 09-3209 |
| | c/w | 09-6221 |
| **VERSUS** | c/w | 10-1705 |
| **F/V KENNY BOY, ET AL** | SECTION: | "R" |
| *Consolidated Case:* | DIVISION: | "3" |
| **PHUC VAN TRAN** | JUDGE: | SARAH H. VANCE |
| **VERSUS** | | |
| **KENNY BOY OF MANDEVILLE, INC., ET AL** | MAGISTRATE: | DANIEL KNOWLES |

### SUPPLEMENTAL MEMORANDUM ON BEHALF OF INSURERS IN RESPONSE TO PHUC VAN TRAN'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Phuc Van Tran (hereafter "Tran"), opposes the Motion for Summary Judgment filed on behalf of St. Paul Fire & Marine Insurance Company, National Casualty Company and American Alternative Insurance Company (hereafter "Insurers") on two arguments.

Tran's first argument states that Insurers' Motion cannot be granted because they have not presented any evidence that a material misrepresentation was made with the intent to deceive.

Tran's second argument is that Insurers waived any right to coverage defenses when they paid for the hull damage to the M/V KENNY BOY on behalf of the insured, Kenny Boy of Mandeville, Inc.

For the following reasons, Tran is wrong.

**FIRST ARGUMENT:**

Tran adopts, to a great extent, the same arguments made by Bordelon and later adopted by Kenny Boy of Mandeville, Inc.  Their argument is that this is not a "breach of warranty" case, but instead a "misrepresentation" case.  Tran claims that Louisiana law applies, and, specifically, that the Louisiana Insurance Code governs the terms and conditions and interpretation of the policy in question.

According to Tran, because the Louisiana Insurance Code governs the interpretation of the policy, because this is a "misrepresentation" case, and because La. R.S. 22:860 of the Louisiana Insurance Code mandates that coverage cannot be voided by a misrepresentation unless that misrepresentation is made with intent to deceive, Insurers' Motion should be denied because Insurers have not proven intent to deceive.

The problems is, however, that Tran has ignored other important provisions of the Louisiana Insurance Code which specifically exempts ocean marine insurance policies, such as Protection & Indemnity (P&I), policies from the rules set forth in La. R.S. 22:860.

Insurers refer the Court to La. R.S. 22:851 of the Code which clearly states that "The applicable provisions of this Part shall apply to insurance **OTHER THAN OCEAN MARINE** and foreign trade insurances.

2

La. R.S. 22:851 and La. R.S. 22:860 are found in the same part of the Louisiana Insurance Code, Chapter 4, Part I. Because the P&I policy issued to Kenny Boy of Mandeville, Inc. is an ocean marine P&I policy, exempt from the provisions of La. R.S. 22:860, Tran's argument that Insurers need to allege or prove an intent to deceive fails.

This is a breach of warranty case. Counsel for Tran goes to great lengths arguing that Louisiana state law as opposed to Federal Maritime law should apply to this situation. As pointed out by Judge Duval, Judge Clement, and other judges who have considered this same issue, including the Judges on the Fifth Circuit Court of Appeals, there is virtually no distinction between Louisiana law and Federal Maritime law when it comes to how a breach of warranty in a marine insurance policy should be treated. Both Louisiana state law and Federal Maritime law require strict construction. All that is required is a breach of the warranty. There is no need that the breach is material to the loss, or that there be an intent to deceive.

Pursuant to Rule 10C of the Federal Rules of Civil Procedure, Insurers would incorporate herein the arguments found in their Memorandum in Response to Bordelon's Opposition to this Motion for Summary Judgment, and Kenny Boy of Mandeville, Inc.'s Opposition to this Motion for Summary Judgment.

In support of its Opposition, Tran cites *Axis Reinsurance Co. v. Melancon* 2007 WL 60968, (E.D. La.); *Insurance Company of North America v. West of England Shipowner's Mutual Insurance Association,* 890 F.Supp. 1302 (E.D. La. 1995), and other cases for the proposition that Louisiana law applies to our situation. In each of these cases, the denial of coverage by the insurance company was based on a misrepresentation made by the insured during the negotiation process.

That is not the case before this Court. In the case before this Court, coverage was voided because of the breach of the TOTAL ON BOARD WARRANTY. If Insurers had wanted to void the policy due to a misrepresentation, they could have invoked the Misrepresentation Clause, also found within the General Terms and Condition of the policy. (See Policy #SGM002685, Exhibit "A," Page 14.)

Irrespective, the bottom line is that La. R.S. 22:851 exempts P&I policies from the provisions of La. R.S. 22:860. As the Louisiana Supreme Court stated in *Backhus v. Transit Casualty Company,* 549 So.2d, (La. 1989), and reiterated in *Grubbs v. Gulf International Marine,* 625 So.2d, 495 (La. 1993), ocean marine insurance, as defined in R.S. 22:47(13), (previously R.S. 22:6(13), includes protection and indemnity insurance.

Because the policy issued to Kenny Boy of Mandeville, Inc. is a Protection and Indemnity policy, it qualifies as an ocean marine insurance policy, and thus is exempt from La. R.S. 22:680.

**SECOND ARGUMENT:**

Tran next takes the position that Insurers are estopped from denying coverage because Insurers paid the hull damage claim on behalf of Kenny Boy of Mandeville, Inc. Tran states "by paying their insured on the hull damage claim, the Insurers took so inconsistent with their present position of denying coverage that it induces a reasonable that the right has been relinquished."

Tran could not be more wrong in his conclusion. These are the undisputed facts: The policy in question, at Page 11, contains the TOTAL ON BOARD WARRANTY, wherein

4

it is stated that the total number of persons aboard the vessel named herein at any one time shall not exceed four. At the time of the collision, there were five persons on the vessel.

G&M Marine conducted the investigation, and nine days after the collision G&M Marine, Inc., on behalf of the Insurers, wrote to Kenny Boy of Mandeville, Inc. and advised that Protection and Indemnity coverage was being denied. The reason for denial is clearly set out in G&M's letter of March 23, 2009, attached to this Memorandum as Exhibit "A." The reason was that Kenny Boy of Mandeville breached the TOTAL ON BOARD WARRANTY. Coverage was not denied for the hull claim.

There is a very specific reason why hull coverage was not denied due to the breach of the TOTAL ON BOARD WARRANTY. At Page 4 of the policy, is found the BREACH OF WARRANTY clause. This clause states as follows:

> 1. The interest of John P. Fisk and Eric S. Green, not to exceed $70,000.00, shall not be impaired or invalidated by any failure to comply with any warranty or condition which the mortgagee has no control, other than a change in title or ownership or the vessel.

Mr. Fisk and Mr. Green held the mortgage on the F/V KENNY BOY. At Page 3 of the policy Mr. Fisk and Mr. Green were named as additional assureds.

The BREACH OF WARRANTY clause specifically preserves and protects the interests of Mr. Fisk and Mr. Green in the vessel as additional insureds. Specifically, the BREACH OF WARRANTY clause provides that coverage afforded to the mortgagees (Fisk and Green) will not be impaired or invalidated by any failure on the part of Kenny Boy of Mandeville, Inc., to comply with any warranty or condition over which they, as the mortgagees, have no control. That is exactly the situation that existed as a result of the

collision and as a result of the BREACH OF WARRANTY by Kenny Boy of Mandeville, Inc.

Because the insured interests of Mr. Fisk and Mr. Green were not compromised or invalidated, or voided by the BREACH OF WARRANTY by Kenny Boy of Mandeville, Inc., Mr. Fisk and Mr. Green were entitled to receive that amount sufficient to repair damage to the F/V KENNY BOY as a result of the collision.

Insurers in good faith followed the terms and conditions of the policy and made that payment to Messrs. Fisk and Green.  This payment is completely in line with the provisions of the policy, and is in no way inconsistent with the denial of coverage under the Protection and Indemnity policy.

The Insurers did not relinquish any right to coverage defenses under the P&I policy. Their actions in paying the hull damage claim to the mortgagees is in no way inconsistent with denial of P&I coverage to Kenny Boy of Mandeville, Inc., for breach of the TOTAL ON BOARD WARRANTY.  In fact, the denial of coverage under the P&I policy was made prior to payment of the hull claim to mortgagees.

For these reasons, the Court should reject Plaintiff, Phuc V. Tran's arguments, and grant Insurers Motion for Summary Judgment.

                Respectfully submitted,

                /s/ Wilton E. Bland, III
                WILTON E. BLAND, III     (#3123)
                PATRICK E. COSTELLO   (#26619)
                JACQUES P. DEGRUY     (#29144)
                MOULEDOUX, BLAND, LEGRAND
                   & BRACKETT, LLC
                701 Poydras Street, Suite 4250
                New Orleans, Louisiana 70139
                Telephone:   (504) 595-3000
                Facsimile:    (504) 522-2121
                *Attorneys for:*
                    *St. Paul Fire & Marine Insurance Company*

(proceeding)
*National Casualty Company and*
*American Alternative Insurance Company*

H:\0520\10270 Phuc Tran\Pleadings\Supp Memo behalf Insurers in Resp Opp by Tran\Supp Memo behalf Insurers in Resp Opp by Tran.wpd

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 25, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel in this matter:

Stephen Skelley Kreller

Robert S. Reich

James P. DeSonier

Neil F. Nazareth

Scott R. Bickford

Alexandre E. Bonin

There are no known non-participating CM/ECF parties.

/s/ Wilton E. Bland, III