## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BORDELON MARINE, INC.** | CIVIL ACTION NO:     09-3209 |
|  |                                    c/w   09-6221 |
| **VERSUS** |                                    c/w   10-1705 |
| **F/V KENNY BOY, ET AL** | SECTION:     "R" |
| *Consolidated Case:* | DIVISION:    "3" |
| **PHUC VAN TRAN** | JUDGE:     SARAH H. VANCE |
| **VERSUS** | |
| **KENNY BOY OF MANDEVILLE, INC., ET AL** | MAGISTRATE:  DANIEL KNOWLES |

## SUPPLEMENTAL MEMORANDUM ON BEHALF OF INSURERS IN RESPONSE TO KENNY BOY OF MANDEVILLE, INC.'s MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Kenny Boy of Mandeville, Inc. (hereafter "KBM"), opposes dismissal of American Alternative Insurance Corporation, National Casualty Company and St. Paul Fire & Marine Insurance Company (hereafter "Insurers"), on three grounds.

None of these grounds hold any merit whatsoever.

**KBM's FIRST ARGUMENT:**

KBM adopts the arguments set forth by Bordelon in its Memorandum in Opposition

(Doc #109). Bordelon's argument is founded on the false assumption that coverage was denied for this claim because of misrepresentations, as opposed to a breach of warranty by KBM. Bordelon also alleged that Louisiana law, specifically the Louisiana Insurance Code, governs the interpretation of the Protection & Indemnity (P&I) policy issued by Insurers. Based on the assumption that the Louisiana Insurance Code governs, Bordelon stated that to void coverage St. Paul Fire & Maine Insurance Company has to prove that KBM had an intent to deceive when KBM made representations during the negotiation process for the policy of insurance. Bordelon relied on La. R.S. 22:860.

As previously pointed out by Insurers in their Supplemental Memorandum in response to Bordelon's Opposition, the Louisiana Insurance Code, La. R.S.22:851, exempts the P&I policy issued by Insurers from the conditions found in La. R.S. 22:860.

Further, the Courts are clear that both Louisiana law and the Federal Maritime Law are the same when it comes to a breach of warranty in a policy of marine insurance. Breach of a warranty in a marine insurance policy is strictly construed, and the mere breach of a warranty is justification for voiding coverage.

In this regard, Insurers would reiterate, as if copied herein, its Supplemental Memorandum (Doc. # 118-4), filed in response to Bordelon's Memorandum in Opposition (Doc. #109).

**KBM's SECOND ARGUMENT:**

KBM next claims that when it went to purchase insurance for the F/V KENNY BOY, they met with two persons who they identified as David and Cathy. According to KBM, David and Cathy may have been of G&M Marine, and acted as agents on behalf of Insurers in providing them the policy. According to KBM, a person by the name of Cathy

2

appears on the policy of insurance. Counsel for KBM states, "It is not possible to determine for certain, on the present record, whether the Cathy who issued the policies on behalf of G&M and the Insurers was the same "Cathy" who spoke with Kenny Boy defendants, but it appears that this is the case and that one, and only one, Cathy was involved with the sale and issuance of this policy."

As stated in G&M's Answers to Plaintiff's Interrogatories, in Interrogatory No. 29, G&M stated that, "Cathy Small's signature appears on the policy as representative of G&M, Inc. Ms. Small typed the policy." It is Cathy Small's name and signature that is on the policy. See G&M's Answers to Interrogatories, Exhibit "A."

The fact is, the person identified as David by KBM and the person identified as "Cathy" by KBM are David Magruder and Kathy Tran of Allied Security Insurance Agency, LLC. As stated by G&M in its Answers to Tran's Interrogatories (see attached Exhibit "A"), in Answer to Interrogatory No. 18, KBM, through its insurance agent David Magruder, applied for insurance for the F/V KENNY BOY on June 18, 2008. David Magruder of Allied Security Insurance Agency, LLC signed the application along with the owner of the F/V KENNY BOY and sent the application to G&M Marine, Inc. G&M then placed the insurance with St. Paul, National Casualty and American Alternative as subscribed insurers on the policy in question.

David Magruder and Kathy Tran are employees of Allied Security Insurance Agency. Mr. Magruder is the insurance agent who, on behalf of KBM, submitted KBM's application of insurance to G&M for consideration. It was these individuals who met with KBM. G&M at not time had any contact with anyone associated with KBM prior to the collision of March

3

14, 2009. (See Exhibit "B," Affidavit of David Saltaformaggio, Claims Manager for G&M Marine, Inc.)

It should be noted that Kathy Tran is of Vietnamese ancestry, fluent in both the English and Vietnamese languages.

No employee or agent of G&M Marine, Inc. or Insurers had any communication with any representative or employee of KBM concerning their application for insurance. KBM met with David Magruder and Cathy Tran of Allied Security Insurance Company to prepare the application for insurance and send it to G&M, who in turn placed the insurance with the Insurers.

Further, KBM's allegation that it relied on assurances by Mr. Magruder that the warranty would not be enforced is belied by the attached letter dated July 29, 2008 sent by Mr. Magruder of Allied Security Insurance Company to KBM, wherein it is clearly stated:

> **IMPORTANT:** Your policy states that you may not have more than four persons working on your boat, including the Captain. If you exceed this number of crew and there is an accident, your claim might be denied. Therefore it is necessary that you notify me immediately if there is a change in your operation or crew. . . . **THIS IS VERY IMPORTANT.**

See Exhibit "B."

In sum, the fact is that no one from G&M or Insurers had any direct contact with anyone from KBM or made any assurances or representations to them concerning any matters of relating to insurance.

**KBM's THIRD ARGUMENT:**

KBM next claims that the policy is ambiguous. Specifically, KBM claims that the word "person" is ambiguous.

KBM does not deny that there were five persons on board the F/V KENNY BOY when it was hit by the M/V RACHEL BORDELON.

KBM does not deny that the "TOTAL ON BOARD WARRANTY" which clearly states the following:

> "Notwithstanding anything contained herein to the contrary, it is warranted that the total number of persons aboard the vessel(s) named herein at any one time shall not exceed four."

Exhibit "B," which was the letter sent to KBM by David Magruder of Allied clearly states the following:

> **IMPORTANT:** Your policy states that you may not have more that four persons working on your boat, including the Captain. If you exceed this number of crew and there is an accident, your claim might be denied.

To try to get around the fact that the language in the TOTAL ON BOARD WARRANTY is extraordinarily clear and was completely explained to KBM, KBM now claims that it does not know what the word "person" means. To KBM, a Captain is apparently not a "person," while the rest of the crew on board are considered "persons."

The TOTAL ON BOARD WARRANTY in question is the same warranty was the focus of Judge Duval's deliberations in *Albany Insurance Company v. Nguyen,* 1996 W.L 680252 (E.D. La. 1996), and by Judge Thomas Porteous in *Centennial Insurance Company v. Dung Hung Nguyen,* USDC E.D. La., CA No. 4-298 (3-22-05). In those cases the TOTAL ON BOARD WARRANTY stated that the total number of "crew members" and the total number of "persons" aboard the vessel at any one time shall not exceed 3. The only difference is that in our case the total number of persons or crew on board was not to exceed 4.

In Judge Duval's case, the Captain and three deckhands were aboard. This was one "person" more than the limit of three crew members permitted to be on board the vessel. The defendant vessel owner claimed that the language was ambiguous because there was some difference between the Captain and crew members, such that the Captain should not be considered part of the crew. Judge Duval summarily rejected this argument and stated, " Terms in insurance policies must be construed in a usual and ordinary sense." The Captain stated that he was aboard the vessel in the wheelhouse, and the three deck hands were on the back deck conducting fishing operations. Judge Duval found no ambiguity and added:

> "This evidence demonstrates that there was a crew of at least four. Deck hands are clearly crew members within the usual definition of that term as they were acting in furtherance of the mission of the vessel.

As a result, Judge Duval found that there was a breach of the express warranty on which the policy was based, and he declared that policy void.

The "TOTAL ON BOARD WARRANTY" means just that – the TOTAL ON BOARD the vessel.

In his case, Judge Porteous found that the warranty which limited the total number of persons aboard the vessel at any one time to three, was not ambiguous. That particular policy also had the exact same provision that limited coverage to the owner if he is on board the vessel as Captain or member of the crew, to maintenance and cure. Judge Porteous was not confused by what a "person" is, and because the Captain and three deckhands were on board, (one more "person" than the limit), he denied the coverage.

Judge Porteous found no ambiguity in the word "person."

6

It should be noted that the Courts have consistently found that the violation of a TOTAL ON BOARD WARRANTY as to the number of crew is not just a technical violation. *See, Fireman's Fund Insurance Company v. Cox,* 742 F.Supp. 609, (MD Fl. 1989), where the Court found that there were four or five crew members on board when the warranty limited the number of the crew to three. The Court noted that the extra persons on board increased the risk of potential hazard or risk to loss over and above that which the insurance company had agreed to insure. *Mutual Fire and Marine and Inland Insurance Company v. Costa,* 789 F.2d 83 (1st Cir. 1986), where a vessel was being operated with in excess of the maximum number of passengers allowed, where the Court stated that:

> "It is clear that the presence of a larger number of potential claimants on board a vessel at any one time increases the risk of loss to an insurer, regardless of the number of individuals who may ultimately suffer injuries."

As the District Court noted, the explicit description in the policy of the maximum number of passengers operated as the functional equivalent of the "condition precedent" whose violation would nullify coverage for any passenger on the ship. The Court also noted that because a greater number of passengers increases the risk of loss, the District Court was also correct in noting that, even if the passenger capacity clause was viewed not as a coverage provision but as a warranty, the provision satisfied the relevant statute which provided that a breach of warranty shall not defeat or void the policy or prevent a its attaching unless the matter made a warranty increase the risk of loss. The District Court found that having passengers in excess of the policy limit increased the risk.

The Court should reject the arguments made by KBM and grant Insurers' Motion for the following reasons:

7

1. The Louisiana Insurance Code, La. R.S. 22:851, "Scope of Part," states that the applicable provisions of Part I of the Code do not apply to ocean marine insurance policies.

2. Protection & Indemnity (P&I) policies have been held to be ocean marine insurance policies.

3. La. R.S.:22:860 is found in Part I of the Code, as is La. R.S. 22:851.

4. La. R.S. 22:860 does not apply to the P&I policy issued to KBM.

5. Insurers in a P&I policy are not required to prove an intent to deceive when an insured makes a misrepresentation in negotiations for insurance coverage.

6. Coverage was not denied KBM because of a misrepresentation. Coverage was denied because KBM breached the TOTAL ON BOARD WARRANTY.

7. Both Louisiana law and Federal Maritime law treat a breach of warranty in a marine policy exactly alike, or identically. ANY breach of warranty is strictly construed, it need not be a cause of, or contribute to, the loss. A breach of warranty triggers denial of coverage.

8. Kathy Tran and David Magruder are employees of an insurance agency, Allied Security Insurance Agency, that shopped for coverage on behalf of KBM.

9. Ms. Tran and Mr. Magruder are not employed by G&M Marine, Inc. or the Insurers.

10. No employee of G&M Marine, Inc. or Insurers had communication with KBM prior to the collision in question.

11. The word "person" is not ambiguous in the context used.

Respectfully submitted,

/s/ Wilton E. Bland, III
WILTON E. BLAND, III (#3123)
PATRICK E. COSTELLO (#26619)
JACQUES P. DEGRUY (#29144)
MOULEDOUX, BLAND, LEGRAND
   & BRACKETT, LLC
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone: (504) 595-3000
Facsimile: (504) 522-2121
*Attorneys for:*
   *St. Paul Marine & Fires Insurance Company,*
   *American Alternative Insurance Company, and*
   *National Casualty Company*

H:\0520\10270 Phuc Tran\Pleadings\Supp Memo in Resp to KBM Opp MSJ\Supp Memo in Resp to KBM Opposition MSJ.wpd

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 25, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel in this matter:

Stephen Skelley Kreller

Robert S. Reich

James P. DeSonier

Neil F. Nazareth

Scott R. Bickford

Alexandre E. Bonin

There are no known non-participating CM/ECF parties.

/s/ Wilton E. Bland, III