UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PHUC VAN TRAN | CIVIL ACTION NO: 09-3209 |
| | c/w 09-6221 |
| VERSUS | c/w 10-1705 |
| KENNY BOY OF MANDEVILLE, INC., | SECTION: "R" |
| M/V KENNY BOY, IN REM, G&M MARINE, | |
| INC., ST. PAUL FIRE & MARINE, | DIVISION: "3" |
| NATIONAL CASUALTY COMPANY and | |
| AMERICAN ALTERNATIVE INSURANCE | JUDGE: SARAH H. VANCE |
| CORPORATION | |
| | MAGISTRATE: DANIEL KNOWLES |

### G&M MARINE, INC.'S ANSWERS TO INTERROGATORIES PROPOUNDED BY PHUC VAN TRAN

Defendant, G&M Marine, Inc. submits the following Answers to Interrogatories propounded by the Complainant, Phuc Van Tran, as follows:

### INTERROGATORY NO. 1:

Please state whether this Defendant has been properly named in the style of the complaint, and if not, please state the proper and legal name of this defendant for purposes of the subject litigation.

### ANSWER TO INTERROGATORY NO. 1:

The proper name is G & M Marine, Inc.



EXHIBIT A

**INTERROGATORY NO. 2:**

Please identify all individuals (by name, address, job title) answering these interrogatories, or who were contacted in answering these interrogatories, or who provided information to the answering of the interrogatories; and give a description or proper designation of each book, record, or other document which was searched in answering these interrogatories.

**ANSWER TO INTERROGATORY NO. 2:**

    Wilton E. Bland, III
    Mouledoux, Bland, Legrand & Brackett
    701 Poydras Street, Suite 4250
    New Orleans, Louisiana 70139

    Mr. David Saltaformaggio
    G&M Marine, Inc.
    818 Howard Avenue, Suite 201
    New Orleans, Louisiana 70113

**INTERROGATORY NO. 3:**

Please state the policy number(s) and describe the type of coverage for any policy of insurance issued by your company to defendant, Kenny Boy of Mandeville, Inc., at any time.

**ANSWER TO INTERROGATORY NO. 3:**

G&M is not an insurer of Kenny Boy of Mandeville, Inc., and never has been.

**INTERROGATORY NO. 4:**

Please state the name, address, title/occupation of each and every individual known to you who was involved in any respect whatsoever in the handling of the claims made by the Plaintiff herein, and give a brief description or summary of each individual's involvement along with their relationship (whether employee or subcontractor) to this Defendant and state for how long this relationship has lasted.

**ANSWER TO INTERROGATORY NO. 4:**

Prior to the filing of this lawsuit by Phuc Tran, no one associated with this defendant was involved in handling a claim by Phuc Tran. The insured was advised in

2

correspondence dated March 23, 2009 by G&M Marine, Inc., that coverage was denied for claims arising out of the collision because the insured breached the Total On Board Warranty. Since the lawsuit was filed on June 9, 2010, undersigned counsel has been involved in representation of this defendant.

**INTERROGATORY NO. 5:**

Please describe in detail any investigation conducted by this defendant, its attorneys, or claims staff into the claims submitted by the Plaintiff or defendant, Kenny Boy of Mandeville, Inc.

**ANSWER TO INTERROGATORY NO. 5:**

G & M Marine, Inc., was advised of the collision on March 17, 2009. It then retained Shuman Consulting Services to conduct an investigation into the facts and circumstances of the collision. Mr. David Gauthreaux of Shuman conducted the investigation. He took statements of four of the five persons aboard the F/V KENNY BOY at the time of the collision. Mr. Gauthreaux's file has been subpoenaed and has been produced subject to privileges and objections. G & M Marine, Inc., also retained United Marine Surveying to survey damage to the F/V KENNY BOY. This was performed by Chris Labure of United on March 18, 2009. United's file has been produced.

**INTERROGATORY NO. 6:**

Please describe in detail your relationship with any other named defendant in this action, including but not limited to St. Paul Fire & Marine Insurance Company, National Casualty Company, and American Alternative Insurance Company.

**ANSWER TO INTERROGATORY NO. 6:**

G&M Marine, Inc., is a third party programs claims administrator and insurance broker for the insurers which subscribed to the policy of insurance in question.

3

### INTERROGATORY NO. 7:

Is this defendant owned by or a subsidiary of any other company, corporation or business entity? If so, please state the complete name and address of said company, corporation or business entity and describe the relationship in detail.

### ANSWER TO INTERROGATORY NO. 7:

No.

### INTERROGATORY NO. 8:

Please identify the person or persons with your company who were involved in the underwriting, marketing, or issuance of the insurance policies in question, and in establishing the rates charged for the premium for the said coverage to defendant, Kenny Boy of Mandeville, Inc., and the fishing vessel "Kenny Boy." For each person identified, please give the name, business name, business address, occupation or title.

### ANSWER TO INTERROGATORY NO. 8:

William Trufant and/or Louise Butler, G&M Marine, Inc.

### INTERROGATORY NO. 9:

Did you establish a reserve for the payment of the claim tendered by the Plaintiff and/or defendant, Kenny Boy of Mandeville, Inc., under Policy No. SGM002685 upon receipt of the notice of claims? If so, please identify:

- a. the date upon which such reserve was set;
- b. the amount of such reserve;
- c. the name, business address, telephone number of each person who participated in setting such reserve;
- d. each and every fact relied upon by you or your employees in establishing such reserve and the amount thereof;
- e. an identification of any and all writings relating to the establishment of such reserves;
- f. the name, business address and telephone number of the present custodian of any such writings identified in your answer to this interrogatory.

### ANSWER TO INTERROGATORY NO. 9:

The first notice of the claim by Phuc Tran was when counsel for Phuc Tran contacted David Saltaformaggio of G & M Marine. This was on or about May 24 or 25,

4

2010. Tran filed his lawsuit on June 9, 2010. Defendant objects to providing any information about any reserve that may or may not have been discussed, considered or set in connection with any claim by this plaintiff, as such information is privileged, not discoverable, not relevant, and not calculated to lead to any discoverable or admissible information.

### INTERROGATORY NO. 10:

Do you admit that the subject insurance policy (Policy No. SGM002685) was in full force and effect during the time period of July 5, 2008 through July 5, 2009?

### ANSWER TO INTERROGATORY NO. 10:

The policy in question provided coverage, subject to its terms, conditions, and warranties, from July 5, 2008 through July 5, 2009. G&M is not an insurer of anyone or anything.

### INTERROGATORY NO. 11:

Do you admit that the premiums for the subject policy (Policy No. SGM002685) had been paid by the defendant, Kenny Boy of Mandeville, Inc., and that the policy was in full force and effect?

### ANSWER TO INTERROGATORY NO. 11:

This defendant has no reason to believe that the insured, Kenny Boy of Mandeville, Inc., did not pay the premium for the policy in question.

### INTERROGATORY NO. 12:

Do you contend that the subject policy was ever rescinded by you prior to the date of the claim which is the subject of this lawsuit? If so please identify:

    a.    the date or dates upon which you claim you rescinded the policy;

    b.    each fact upon which you relied for said rescission;

<a>

<b>

</b>

</a>

<s>

</s>

<s>

</s>

<s>

</s>

<p>

</p>

<p>

</p>

<p>

</p>

<s>

</s>

<s>

</s>

<p>

</p>

<p>

</p>

<s>

</s>

<s>

</s>

<s>

</s>

<s>

</s>

<s>

</s>

<s>

</s>

<a>

</a>

<a>

</a>

<a>

</a>

<s>

</s>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<p>

</p>

<p>

</p>

<s>

</s>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<s>

</s>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<a>

</a>

<s>

</s>

<s>

</s>

<p>

</p>

<p>

</p>

<s>

</s>

<s>

</s>

<p>

</p>

<p>

</p>

c. the name, business address and telephone number of any person known to you who possessed or claims to possess knowledge of any such fact;

d. an identification of any writing made in connection with each fact you identified in response to this interrogatory.

**ANSWER TO INTERROGATORY NO. 12:**

No.

**INTERROGATORY NO. 13:**

Do you contend that the subject policy (Policy No. SGM002685) was cancelled prior to the occurrence which gave rise to the claims which are the subject of this lawsuit? If so, please set forth:

a. the date or dates upon which you contend such cancellation occurred;

b. the date upon and means by which you transmitted notice of cancellation to the insured or anyone acting on the insured's behalf;

c. each and every fact upon which you relied in determining to cancel said policy;

d. the name, business address and telephone number of any person known to you who possesses or claims to possess knowledge of any such fact;

e. an identification of each and every writing relating to such fact;

f. the name, business address, and telephone number of the present custodian of any writing identified in your answer to the foregoing part of this interrogatory.

**ANSWER TO INTERROGATORY NO. 13:**

No.

**INTERROGATORY NO. 14:**

Was the claimant's claim for payment under policy number (Policy No. SGM002685) submitted to any claim committee for evaluation? If so, please set forth:

a. the date or dates that such claim was submitted to such claims committee;

6

- b. the name, business address and telephone number of each and every person who constituted said committee;

- c. the manner in which such claim was presented to said committee;

- d. an identification of each and every writing relating to the submission of the claim which is the subject of this lawsuit to said committee;

- e. the name, business address and telephone number of the present custodian of any writing identified in your answer to this interrogatory.

**ANSWER TO INTERROGATORY NO. 14:**

No. Coverage for any claims arising out of the collision was denied to the insured due to its breach of The Total On Board Warranty months before any claim by plaintiff was made.

G&M is not an insurer of anyone or anything.

**INTERROGATORY NO. 15:**

Did you or anyone acting on your behalf ever take any statements from anyone associated with the Plaintiff or the defendant, Kenny Boy of Mandeville, Inc., with regard to the claims which is the subject of this lawsuit? If so, please identify:

- a. the name, address and job position the person taking any such statements;

- b. the date(s) and locations each such statement was taken;

- c. whether each such statement was written, recorded, or oral.

**ANSWER TO INTERROGATORY NO. 15:**

Yes. Counsel for Kenny Boy of Mandeville, Inc., has copies of all statements taken by Mr. Gauthreaux. Mr. Gauthreaux took statements from the other four persons besides plaintiff who were on the F/V KENNY BOY at the time of the collision. Undersigned counsel has provided them to counsel for Kenny Boy of Mandeville, Inc. Defendant objects to providing those statements to plaintiff. It is appropriate for plaintiff to request those

7

statements from counsel for Kenny Boy of Mandeville, Inc., who is in possession of them, not from this Defendant.

**INTERROGATORY NO. 16:**

Did you or anyone acting on your behalf take any statements or receive any report or consultation in any form whatsoever from any person regarding any of the events or happenings surrounding the incident which is the subject of this lawsuit. If so, please identify:

- a. the name and last known address of each person making any such statement;

- b. the name, last known address and job position of the individual to whom each such statement was made;

- c. the date and place of each such statement, report or consultation;

- d. the subject matter of each such statement, report or consultation;

- e. whether the statement, report or consultation was written, recorded or oral;

- f. the name, address and job position of each person or entity presently having custody, possession or control of any such statement, report or consultation.

**ANSWER TO INTERROGATORY NO. 16:**

See Answer to Interrogatory No. 15.

**INTERROGATORY NO.17:**

Did you or anyone acting on your behalf take or obtain any photographs, films videotapes, any charts, diagrams or any other similar illustration during the course of any investigation of the damages which are in any way related to the events which are the subject of this lawsuit. If so, please identify:

- a. the name, address and job title of each person who took or obtained said photographs, films, tapes or made any charts, diagrams or similar illustrations.

- b. the name, address and job title of the present custodian of all such items described above.

8

**ANSWER TO INTERROGATORY NO. 17:**

United Marine Surveying took photographs of the F/V KENNY BOY during the course of its survey of that vessel. See United Marine Surveying file and the file of Mr. Gauthreaux previously produced.

**INTERROGATORY NO. 18:**

Please identify the individual or individuals who were responsible for underwriting the subject insurance policy, to-wit, insurance policy number (Policy No. SGM002685).

    a. Please identify each person with whom you or any person within your company dealt in issuing the quote for coverage on the subject policy.

    b. How much was the premium that was charged to the defendant, Kenny Boy of Mandeville, Inc., for the policy in question?

    c. For each endorsement or rider which was attached to the subject policy, please identify that rider and give the additional cost in insurance premium associated with the rider or endorsement.

**ANSWER TO INTERROGATORY NO. 18:**

On information and belief, Kenny Boy of Mandeville, Inc., applied for insurance for the F/V KENNY BOY on June 18, 2008. It is believed that David Magruder of Allied Security Insurance Agency, LLC, signed the application along with the owner of the F/V KENNY BOY and sent the application to G & M Marine, Inc. G & M then placed the insurance with St. Paul, National and American Alternative as subscribing insurers on the policy in question. It is believed that the cost for the P & I coverage was $4,800 and the hull coverage was $6,000.00. There were no endorsements or riders as part of the policy that cost an additional premium. William V. Trufant and/or Louise Butler of G&M Marine, Inc., would have been involved in issuing any quote for coverage to the insured's insurance agent. G&M had no direct communication or contact with the insured.

9

**INTERROGATORY NO. 19:**

Please identify each and every action undertaken by you or any agent, servant or employee working for your company in the identification of the risk or risks associated with providing coverage to the defendant, Kenny Boy of Mandeville, Inc., under the subject insurance policy.

    a.    If you wrote any letters, received any correspondence, received any questionnaires, or other documents which helped to identify the risks associated with insuring the defendant, Kenny Boy of Mandeville, Inc., please discuss in detail all of these documents, together with your reasons for obtaining this information prior to issuing the quote for coverage and providing the policy of insurance for the defendant, Kenny Boy of Mandeville, Inc.

    b.    Please attach to your answers to these interrogatories each and every document that you received or which is in your underwriting file relative in any way to the underwriting of the risk, the identification of the risks associated with insuring the defendant, Kenny Boy of Mandeville, Inc., or any other document which is at all relative to the underlying decision to issue the coverage and policy in favor of the defendant, Kenny Boy of Mandeville, Inc.

**ANSWER TO INTERROGATORY NO. 19:**

On information and belief G & M Marine placed the insurance requested based on the information provided by the insurance agent for Kenny Boy of Mandeville, Inc., in its application. See Vessel Application previously forwarded. Defendant objects to this Interrogatory as it requests information in no way relevant to the matter at hand.

**INTERROGATORY NO. 20:**

Please state whether, within the past five (5) years, any person has initiated any legal proceeding against you in which any person or business has initiated any legal proceeding against you in which such person, firm, or association alleged that you failed to provide coverage as a result of a breach of a "Total On Board Warranty"? If so, please set forth:

    a.    the name, business address and telephone number of any party to such litigation;

    b.    the date upon which such proceeding was initiated;

c. the filing number of other filing identification under which such legal proceeding is indexed in the jurisdiction in which suit was filed;

d. the jurisdiction in which such action was filed;

e. the disposition of any such claim of legal action;

f. the name, business address and telephone number of counsel for any party advancing the contentions which were the subject of your preceding answers to this interrogatory;

g. the name, business address and telephone number for the present custodian of any writing relating to such legal action.

**ANSWER TO INTERROGATORY NO. 20:**

Defendant objects to this Interrogatory as it requests information that is in no way relevant and is not calculated to lead to the discovery of information that is either relevant or admissible. It is also overly broad and burdensome.

**INTERROGATORY NO. 21:**

Please describe fully your document retention policy including but not limited to:

a. how long your documents are retained;

b. whether documents are retained in hard copy, on a computer hard drive or disk, on microfilm or in some other manner;

c. the name, address and telephone number of all persons who are responsible for determining whether a document is to be retained or destroyed;

d. whether you have any written or otherwise recorded document retention policy or policies;

e. the name, address and telephone number of the person who currently has custody of your document retention policy or policies.

f. if any documents referenced in response to these interrogatories are no longer in the possession or control of this Defendant, please identify the applicable part of your document retention policy which authorized: (1)

11

destroying said documents; (2) the date each such document was destroyed; and (3) the name, address and telephone number of the person or persons who authorized the destruction of said document.

### ANSWER TO INTERROGATORY NO. 21:

See attached Record Retention Schedule which sets forth document retention policies.

### INTERROGATORY NO. 22:

What was the annual premium charged by this Defendant for the policies which are the subject of this lawsuit, and describe how, to whom, and how often said premiums were billed.

### ANSWER TO INTERROGATORY NO. 22:

The premium for the policy in question was $10,800.00.

### INTERROGATORY NO. 23:

Was an additional premium charged for any additional rider or endorsement to said policy and, if so,

    a.    set forth the annual or additional premium for each such rider or endorsement;

    b.    please describe in detail the coverage afforded by the payment of the additional premiums.

### ANSWER TO INTERROGATORY NO. 23:

No.

### INTERROGATORY NO. 24:

Was any money, commission or bonus of any type whatsoever paid to G & M marine, Inc. with regard to the policy and/or endorsements which are the subject of this lawsuit? If so, please identify:

    a.    a complete description and date of each and every such payment;

    b.    a description of how each and every such payment was made;

    c.    the name, address and job description of the person to whom each and every such payment was made.

## ANSWER TO INTERROGATORY NO. 24:

G&M was paid a commission out of the premium received from the insured's insurance agent.

## INTERROGATORY NO. 25:

Do you plan to call any expert witnesses at the trial of this matter? If so, for each such expert, please identify:

    a.    the name and address of each such expert;

    b.    the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion held by each expert;

    c.    a summary of each expert's qualifications'

    d.    a complete list of any and all documents or other writings upon which each such expert relied in forming his/her opinions.

## ANSWER TO INTERROGATORY NO. 25:

At this time defendant does not know if it will call an expert witness at any trial of this matter.

## INTERROGATORY NO. 26:

Please state the name and current address of each person whom you expect to call as a witness at the trial of this matter and set forth a brief description of the subject matter of each witness' testimony.

## ANSWER TO INTERROGATORY NO. 26:

At t his time defendant does not know what witnesses it may call at the trial of this matter.

**INTERROGATORY NO. 27:**

Please identify the binder agreement between G & M Marine, Inc. and St. Paul Fire & Marine, National Casualty Company, and American Alternative Insurance Company.

**ANSWER TO INTERROGATORY NO. 27:**

Defendant objects to the production of any such agreement as it contains proprietary information, is privileged, no discoverable, not relevant and not calculated to lead to discoverable or admissible evidence.

**INTERROGATORY NO. 28:**

Please describe in detail your "investigation" into the claims of Plaintiff as referenced in Paragraph 4 of the April 3, 2009 correspondence from Billy Courtenay of G & M Marine, Inc. to Kenny Boy of Mandeville, Inc., attached hereto as Exhibit A.

**ANSWER TO INTERROGATORY NO. 28:**

As stated previously, David Gauthreaux of Shuman Consulting was retained to conduct an investigation into the facts and circumstances of the collision by meeting with and interviewing all five persons on the F/V KENNY BOY at the time fo the collision. Chris Labure of United Marine Surveying conducted a damage survey of the F/V KENNY BOY. His file has been provided.

**INTERROGATORY NO. 29:**

Please identify the employee and/or agent of G & M Marine, Inc. who signed Policy No. SGM002685.

14

**ANSWER TO INTERROGATORY NO. 29:**

Cathy Small's signature appears on the Policy as representative of G & M Marine, Inc. Ms. Small typed the policy.

Respectfully submitted,

_____
WILTON E. BLAND, III     (#3123)
PATRICK E. COSTELLO     (#26619)
JACQUES P. DEGRUY       (#29144)
MOULEDOUX, BLAND, LEGRAND
   & BRACKETT, LLC
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
Telephone:  (504) 595-3000
Facsimile:    (504) 522-2121
*Attorneys for G&M Marine, Inc.*
H:\0520\10270 Phuc Tran\Discovery\Ans to Interrogatories - G M Marine.wpd

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served on all counsel by United States Mail, postage prepaid, by facsimile or by electronic transmission (e-mail) on the 7 day of OCT., 2010.

_____

**J. EARL PEDELAHORE & CO.**
Certified Public Accountants
(504) 522-8708

## RECORD RETENTION SCHEDULE

P
A
**Accounting Records**
1. Accounts payable invoices and credits (if no audits are pending) — *back 7 years* *7 appears* 
2. Accounts receivable ledger cards (unpaid) — 7 years  *Perm*
3. Accounts receivable trial balances — 7 years
4. Accounts receivable interim reports — While Current
5. Bank statements, reconciliations, stop payment notices, canceled checks other than payroll — 6 years   *3 yrs*
6. Capital asset records — Permanently
7. Cash receipt books or vouchers — 6 years  *7 yrs*
8. Deposit books and slips — 6 years
9. Employees' travel expense reports — 6 years  *3 yr*
10. Financial statements — Permanently ✓
11. General ledger — Permanently ✓
12. Journals of charges and receipts (daysheets) — 6 years

**Medical**
- Professional liability insurance policies — Permanently
- Patients' medical records (inactive) — Permanently
- Patients' medical records (deceased patients) — 5 years
- X-ray files (inactive patients) — Permanently
- Remittance advices (Medicare and Medicaid) — 7 years
- Uncollectible accounts and related records — 3 years

P
**Payroll** – *6 yr*
1. Assignments, attachments, and garnishments (after termination) — 2 years
2. Deduction authorizations (after termination) — 2 years
3. Employees' earnings records *(withholding)* — 4 years
4. Payroll register — 3 years  *3-8 yrs*
5. Payments and reports to government — (6 years)
6. Retirement and pension-plan records (after plan terminates) — 5 years
7. Time sheets or cards — 4 years

T
**Federal Income Tax**
1. Copies of estimates tax (1040-ES) — 6 years
2. Copies of returns (1040) — Permanently
3. Receipts & canceled checks supporting tax deductions — 6 years
4. Records of tax payments — 6 years

*E 16*
C
**Partnership or Corporation**
1. Authorizations for expenditures — 3 years
2. Certificate of incorporation, stock book, bylaws, minutes, resolutions, etc — Permanently
3. Contracts and agreements (after termination) — 6 years
4. Dividend checks (canceled) — 6 years
5. Options (after exercised or retired) — 3 years
6. Stock certificates and stock transfer records — Permanently
7. Stock certificates (canceled) — 7 years

**Personal Papers**
Automobile titles — Until car is disposed of
Birth certificates, marriage and divorce records, passports, professional licenses and certificates — Permanently
Burial plot deeds — Permanently
Family health records — Permanently
Insurance policies: accident and health auto, disability, homeowners, life (after cancellation) — 3 years
Leases (after expiration) — 2 years
Mortgages — Until canceled
Promissory notes (after cancellation) — 3 years
Stock and bond certificates — Until sold
Real estate deeds, title abstracts, survey reports — Permanently
Warranties on appliances, etc — Until expiration
Wills — Until revised or probated

**Personnel**
1. Accident reports on employees (settled) — 6 years
2. Contracts with employees (after termination) — 6 years
3. Immigration and Form I-9 — 3 years
4. Disability and sickness benefit records — 6 years
5. Employment applications and reference checks (after termination) — 3 years
6. Fidelity bonds on employees (after termination) — 3 years
7. Group insurance records (after termination) — 6 years
8. Individual personnel files (after termination) — 3 years
9. Office policy manual — While Current
10. Vacations and other absences of employees — 4 years

---

Payroll (2-28-01)
After April 15, destroy all but archive records for prior yr.
Archive quarterly tax reports, payroll summaries and copies of W-2.

**BOBBI**
To: DENNIS
Cc: BILL; LOUISE
Subject: Closed Claim Files - Retention Guidelines

Dennis:

Per discussion with Bill, we will maintain our files in accordance with Albany's standards:

Hull – 3 years following close
P & I – 7 years following close
Claims involving a juvenile – indefinitely

We will continue to maintain files involving NAS that fall outside the retention period.

I am available to help you with this project.

Bobbi

Records Retention Schedule

POLICIES and ENDORSEMENTS

It will continue to be G & M's practice to send a complete copy of all policies and endorsements to the company of issue as they are produced. An additional copy, retained by G & M, is filed with all underwriting documents that concern the risk.

UNDERWRITING FILES

All lines, including:

    Hull
    P&I
    Builder's Risk
    Port Risk

The underwriting file on each risk contains the original application, survey, policy(ies), renewals endorsements, and any related correspondence.

The file will remain intact in our office until the risk has not been renewed for seven (7) consecutive years.

Seven (7) years following nonrenewal, the entire file may be destroyed.

It will be the prerogative of G & M Marine's senior underwriter to retain a file for a longer period of time.

This policy will be effective July 1, 1999.

6/11/08 Still in effect / Bobbi