UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BORDELON MARINE, INC., ET AL.                CIVIL ACTION

VERSUS                                        NO: 09-3209 c/w
                                              09-6221, 10-1705

F/V KENNY BOY, ET AL.                         SECTION: R(3)


### ORDER AND REASONS

Before the Court are defendants the F/V KENNY BOY's and Kenny Boy of Mandeville, Inc.'s (Kenny Boy's) motions to set aside entries of default against them.[1] For the following reasons, the Court GRANTS defendants' motions.

### I.  BACKGROUND

This case arises out of the March 14, 2009 collision of the F/V KENNY BOY, which is owned by Kenny Boy of Mandeville, Inc.,

---

[1] (R. Doc. 85; R. Doc. 87.) Unless otherwise indicated, all record citations refer to the docket in civil action number 09-3209.

and the M/V RACHEL BORDELON, which is owned by Bordelon Marine, Inc.  On April 2, 2009, Bordelon filed suit against the F/V KENNY BOY, in rem, and Kenny Boy, in personam, alleging that the F/V RACHEL BORDELON suffered significant damage as a result of the collision and that the collision resulted exclusively from Kenny Boy's fault and negligence.[2]  On September 9, 2009, Bordelon filed a separate complaint seeking limitation of liability from any personal injury claims arising out of the collision.[3]

On November 11, 2009, Phuc Van Tran, Cuong Van Le, Hanh Van Truong, and Thinh Ba Nguyen, crew members who were working aboard the F/V KENNY BOY at the time of the collision, filed an answer and complaint denying that either the M/V RACHEL BORDELON or the F/V KENNY BOY are entitled to limitation of liability.[4]  They also seek maintenance and cure from the F/V KENNY BOY and Kenny Boy as well as damages for injuries resulting from the collision, which they allege resulted from the negligence of Kenny Boy and Bordelon and/or the unseaworthiness of the F/V KENNY BOY and the M/V RACHEL BORDELON.[5]

---

[2]   (R. Doc. 1 at ¶¶ 9, 12.)

[3]   (Civ. A. No. 09-6221, R. Doc. 1.)

[4]   (R. Doc. 11.)

[5]   (*Id.*)

On November 16, 2009, after the F/V KENNY BOY and Kenny Boy failed to answer Bordelon's complaint, the Court entered defaults against them in favor of Bordelon.[6]  The Court authorized the issuance of an arrest warrant and ordered the United States Marshal Service to arrest the F/V KENNY BOY on June 28, 2010.[7]  The warrant was returned executed on July 1, 2010.[8]  On July 21, 2010, Kenny Boy moved to enroll James DeSonier as counsel.[9]  The Court granted the motion on July 23, 2010.[10]  On September 16, 2010, Kenny Boy and the F/V KENNY BOY filed the instant motions to set aside the entries of default against them.[11]  Bordelon has filed a notice of no opposition with regard to the F/V KENNY BOY's motion.[12]

Kenny Boy is owned and operated by Dong Tran and Thuy Nguyen, Vietnamese immigrants who cannot read in English.[13]  In affidavits submitted in support of Kenny Boy's motion, Tran and

---

[6]   (R. Doc. 16.)

[7]   (R. Doc. 42.)

[8]   (R. Doc. 44.)

[9]   (R. Doc. 45.)

[10]  (R. Doc. 46.)

[11]  (R. Doc. 85; R. Doc. 87.)

[12]  (R. Doc. 108.)

[13]  (R. Doc. 87-2; R. Doc. 87-3.)

Nguyen explain that, one week after the collision, they hired an attorney, Hugh McNeely.[14] According to Tran, in September or October 2009, McNeely informed him and Nguyen that their insurer, G & M Marine, had "paid all Bordelon's damages and everything was over with, we did not have to worry about the case any more."[15] Similarly, Nguyen explains, "In fall 2009, Mr. McNeely told us that G & M Marine had paid for Bordelon's hull damage and the case was over."[16] Tran states that, although he and Nguyen knew that four crew members of the F/V KENNY BOY had filed claims against them, three of the four crew members returned to work aboard the F/V KENNY BOY shortly after the collision and "said they were not interested in going forward with our claim."[17] Tran and Nguyen state that the fourth crew member, Phuc Tran, went to work on a different fishing boat.[18] Tran explains, "So as far as we knew, based on what Mr. McNeely had told us and the four crew members going back to work as fishermen, the case was over and we understood we were not required to do anything

---

[14]   (R. Doc. 87-2; R. Doc. 87-3.)

[15]   (R. Doc. 87-2.)

[16]   (R. Doc. 87-3.)

[17]   (R. Doc. 87-2; R. Doc. 87-3.)

[18]   (R. Doc. 87-2; R. Doc. 87-3.)

else."[19] Nguyen further explains that "[w]e were astonished when our boat was seized and we did not understand how it could have happened."[20]

## II. STANDARD

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default "for good cause shown." Fed. R. Civ. P. 55(c). Good cause, for purposes of Rule 55(c), "is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992); *see also United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir. 1985) (explaining that the standard to set aside an entry of default is less rigorous than the "excusable neglect" standard for setting aside a default judgment under Rule 60(b)). To determine whether good cause has been shown, a district court should consider (1) whether the default was willful, (2) whether setting aside the default would prejudice the adversary, and (3) whether the defaulting party has presented a meritorious defense

---

[19] (R. Doc. 87-2.)

[20] (R. Doc. 87-3.)

to the claims against it. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Dierschke*, 975 F.2d at 183. These factors are, however, nonexclusive, and a court may also consider additional factors, such as whether the public interest is implicated by the default, whether there was a significant financial loss to the defendant, and whether the defendant moved expeditiously to cure the default. *Dierschke*, 975 F.2d at 184. All of these factors should be viewed against the background principles that cases should, if possible, be resolved on the merits and that defaults are generally disfavored. *See Lacy*, 227 F.3d at 292 ("[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.") (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)); *Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 686 (5th Cir. 1991) ("The Federal Rules are diametrically opposed to a tyranny of technicality and endeavor to decide cases on the merits. Strict enforcement of defaults has no place in the Federal Rules . . . .").

**III. DISCUSSION**

**A.   F/V KENNY BOY**

In order to maintain an action in rem against a vessel, an arrest warrant and "any supplemental process must be delivered to the marshal for service." Fed. R. Civ. P. Supp. R. C(3)(b)(i). The Fifth Circuit has explained that "[i]n rem process is a peculiar feature of admiralty jurisdiction," and "it is begun by arresting the property which is the subject of the litigation." *Wong Shing v. M/V MARDINA TRADER*, 564 F.2d 1183, 1186 (5th Cir. 1977). "This arrest or seizure of the property gives the court jurisdiction." *Id.* The Court finds that entry of default against the F/V KENNY BOY was improper because, at the time of entry, the vessel had not yet been arrested, and the Court thus lacked jurisdiction. *Cf. United States v. THE PRIDE OF TEXAS*, 964 F. Supp. 986, 988 (E.D. Va. 1994) ("The Pride of Texas has been arrested and, therefore, the court has jurisdiction over the vessel enabling it to enter a default judgment.") (citing *Wong Shing*, 564 F.2d at 1186). Accordingly, the Court GRANTS the F/V KENNY BOY's motion to set aside entry of default against her.

**B.   Kenny Boy**

Kenny Boy has shown "good cause" to set aside the entries of default against it. Fed. R. Civ. P. 55(c). First, the Court finds that Kenny Boy's failure to file an answer was not willful. Though Kenny Boy received proper service of Bordelon's complaint,

Tran's and Nguyen's affidavits suggest that their failure to respond was the result of their unsophistication, language differences, and a reliance on representations of fact by their former attorney that they need not "worry" about the case any more.  *Cf. Side by Side Redevelopment, Inc. v. City of New Orleans*, 2010 WL 375237, *2 (E.D. La. 2010) (finding that defendant's failure to timely respond was not willful but instead based on its counsel's mistake); *Howard v. United States*, 1993 WL 353506, *2 (E.D. La. 1993) (noting that "[m]istake of counsel has generally not amounted to willful misconduct for purposes of setting aside a default judgment or an entry of default"); *see also Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) (explaining in the context of a Rule 60(b) motion to set aside entry of default judgment that "[t]he plaintiff should not be punished for his attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct").  Tran and Nguyen both explain that they believed the case had been resolved by G & W Marine's settlement with Bordelon and that the four crew members were not pursuing their claims.[21]  In addition, several other considerations weigh in favor of setting aside entry of default.  Bordelon will not suffer prejudice because the issue of

---

[21]   (R. Doc. 87-2; R. Doc. 87-3.)

Bordelon's fault and comparative negligence must be litigated to resolve the four crew members' claims against Bordelon and with regard to Bordelon's claims against the F/V KENNY BOY, regardless of whether the Court sets aside entry of default against Kenny Boy.  Kenny Boy has presented a potentially meritorious defense to Bordelon's claims – comparative negligence[22] – and is threatened with significant financial loss as a result of the collision.  Further, Kenny Boy moved expeditiously to enroll Mr. DeSonier as counsel after seizure of the F/V KENNY BOY in order to cure the default.  Accordingly, the Court finds that Kenny Boy has shown good cause for setting aside the entry of default against it, and the Court will GRANT the motion.

## IV. CONCLUSION

For the foregoing reasons, the F/V KENNY BOY's and Kenny Boy's motions are GRANTED.  Defendants are hereby ORDERED to answer Bordelon's complaint by or before November 22, 2010.

New Orleans, Louisiana, this 9th day of November, 2010.

_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[22]   (R. Doc. 87-1.)