UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BORDELON MARINE, INC., ET AL | CIVIL ACTION |
| VERSUS | NO: 09-3209, c/w 10-1705 |
| F/V KENNY BOY, ET AL | SECT. "R", MAG. "3" |

## ANSWER, DEFENSES, COUNTERCLAIM, AND CROSS CLAIM OF KENNY BOY OF MANDEVILLE, INC. AND M/V KENNY BOY (INCORPORATING REQUEST FOR TRIAL BY JURY)

NOW INTO COURT, through undersigned counsel, comes defendant, KENNY BOY OF MANDEVILLE, INC. ("Kenny Boy Corporation") and F/V KENNY BOY, a vessel sued in rem, who answer the Complaint for Damages and Declaratory Judgment filed by Bordelon Marine Inc. by respectfully responding as follows:

## LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION

1.

Pursuant to Fed.R.Civ.Pro. 12, the F/V KENNY BOY, a vessel sued in rem, expressly denies subject matter and/or personal jurisdiction of this Honorable Court inasmuch as the complaint in this matter has never been properly served on the F/V KENNY BOY and service of the complaint is necessary

## ANSWER

2.

Paragraph 1 of the complaint is denied as a conclusion of law not subject to being admitted or denied and not requiring any answer.

3.

Paragraph 2 of the complaint is denied as a conclusion of law not subject to being admitted or denied and not requiring any answer.

4.

Paragraph 3 is denied for lack of information.

5.

Paragraph 4 is admitted as follows.

4A - Admitted.

4B - Admitted.

4C - Admitted.

6.

Paragraph 5 is admitted.

7.

Paragraph 6 is admitted in part and denied in part and, more specifically, it is admitted that there was at all pertinent times an insurance policy insuring the F/V KENNY BOY and KENNY BOY, INC., which insures the KENNY BOY defendants against all liability complained of herein. The insurance policies speak for themselves but on information and belief it appears that G & M Marine may have been the insurer's representative and may be liable herein but G & M Marine may not have formally been an insurer.

8.

Paragraph 7 is denied.

9.

Paragraph 8 is admitted insofar as the two vessels collided. This paragraph is denied to the extent that the description of the collision as "F/V KENNY BOY collided with ..." etc. could be taken as somehow implying that the F/V KENNY BOY had a more active role in bringing about the collision than the M/V RACHEL BORDELON.

10.

Paragraph 9 is denied.

11.

Paragraph 10 is denied for lack of information.

12.

Paragraph 11 is denied for lack of information.

13.

Paragraph 12 is denied.

14.

Paragraph 13 is denied.

15.

Paragraph 14 is denied.

16.

Paragraph 15 is denied as a conclusion of law not requiring an answer.

## AND FURTHER ANSWERING THE CLAIM OF BORDELON MARINE, SUBJECT TO AND WITHOUT WAIVING ANY OBJECTION TO JURISDICTION, THE KENNY BOY DEFENDANTS WOULD SHOW AS FOLLOWS:

### FIRST DEFENSE

All claims should be dismissed for improper process.

## SECOND DEFENSE

All claims should be dismissed for insufficient service of process.

## THIRD DEFENSE

All claims should be dismissed for failure to serve process within the time fixed by the Federal Rules of Civil Procedure.

## FOURTH DEFENSE

All claims should be dismissed for lack of jurisdiction.

## FIFTH DEFENSE

The Complaint fails to state a claim or cause of action upon which relief may be granted.

## SIXTH DEFENSE

Clamants' injuries, if any, were caused exclusively by their own negligence and/or voluntary assumption of a known risk, which is pleaded in bar diminution of recovery herein.

## SEVENTH DEFENSE

Claimants' injuries, if any, were caused by the known risks and hazards of their employment, all of which Claimants voluntarily assumed.

## EIGHTH DEFENSE

Claimants' injuries, if any, were caused as a result of an unavoidable accident for which Defendant cannot be held legally responsible.

## NINTH DEFENSE

Claimants' injuries, if any, were caused or contributed to by other parties for whom Defendant is not legally responsible.

## TENTH DEFENSE

Claimants' injuries, if any, are a result of prior injuries, events, incidents, and diseases and/or pre-existing congenital conditions and/or abnormalities.

## ELEVENTH DEFENSE

Alternatively, Claimants have failed to properly mitigate their damages and defendant is entitled to have any award made to Claimants mitigated and reduced accordingly.

## TWELFTH DEFENSE

Alternatively, as a separate and distinct defense, Claimants' injuries were incurred without defendant's privity or knowledge and in the event the amount of the damages awarded herein exceeds the value of the F/V Kenny Boy, and his freight then pending, if any, the KENNY BOY OF MANDEVILLE, INC., to the extent that it may be found to have an interest in the F/V Kenny Boy, invokes the provisions of the Revised Statutes of the United States and the Acts Amendatory thereof, including 46 U.S.C. § 181 - 189, in Limitation of Liability of Shipowners.

## NOW TAKING THE POSITION OF PLAINTIFF IN COUNTERCLAIM AND SUBJECT TO AND WITHOUT WAIVING ANY DEFENSE PREVIOUSLY ASSERTED HEREIN INCLUDING THE DEFENSE OF LACK OF JURISDICTION, , KENNY BOY OF MANDEVILLE, INC. AND THE M/V KENNY BOY, A VESSEL SUED IN REM, ASSERT AS FOLLOWS:

17.

Made defendants in counterclaim are:

BORDELON MARINE, INC. which is, on information and belief, a Louisiana corporation authorized to do and doing business within the jurisdiction of this Honorable Court;

M/V RACHEL BORDELON, a vessel in navigation on the navigable waters of the U.S. or on the high seas, believed to be operating within the jurisdiction of this Honorable Court.

18.

Defendants in counterclaim have acted wrongfully toward plaintiffs in counterclaim in some or all of the following respects:

(A) The collision occurring on or about March 14, 2009, was caused partly or wholly by the negligence of defendants herein or by the unseaworthiness of the M/V RACHEL BORDELON;

(B) Defendant in counterclaim Bordelon Marine acted wrongfully toward plaintiffs in counterclaim by obtaining a default judgment against the F/V KENNY BOY in November 2009, when there had been no service of process, thereby forcing plaintiffs in counterclaim to incur costs and legal fees in order to undo the default;

19.

As a result of the above and foregoing, plaintiffs in counterclaim have suffered damages including loss of use of the vessel, loss of income, costs of repair of the vessel including their insurance deductible, attorney fees, and other damages to be identified hereafter, with additional damages continuing to accrue.

20.

Additionally, plaintiffs in counterclaim have been forced to incur costs for defending and possibly paying personal injury claims and maintenance and cure claims as the result of injuries caused by the fault or neglect of defendants in counterclaim and expect to incur additional costs in future.

21.

As a result of the above and foregoing, defendants in counterclaim are liable to plaintiffs in counterclaim for contribution and indemnity and for an amount of damages reasonably

sufficient to compensate plaintiffs in counterclaim for all injuries sustained herein, said amount possibly being as high as one million dollars ($ 1,000,000.00).

## NOW TAKING THE POSITION OF PLAINTIFF IN CROSS CLAIM AND SUBJECT TO AND WITHOUT WAIVING ANY DEFENSE PREVIOUSLY ASSERTED HEREIN INCLUDING THE DEFENSE OF LACK OF JURISDICTION, , KENNY BOY OF MANDEVILLE, INC. AND THE M/V KENNY BOY, A VESSEL SUED IN REM, ASSERT AS FOLLOWS:

22.

Defendants in cross claim are:

A.  G & M Marine, Inc.; a domestic corporation believed to be an insurance broker or insurance company, with its principal place of business in New Orleans, Louisiana within the jurisdiction of this Honorable Court;

B.  St. Paul Fire and Marine Insurance Company; a foreign insurance company authorized to do and doing business within the jurisdiction of this Honorable Court;

C.  National Casualty Company; a foreign insurance company authorized to do and doing business within the jurisdiction of this Honorable Court;

D.  American Alternative Insurance Corporation; a foreign insurance company authorized to do and doing business within the jurisdiction of this Honorable Court.

23.

At all times pertinent hereto, there was in force and effect a policy of insurance issued by G & M Marine which provided coverage for the F/V Kenny Boy and, more specifically, insured plaintiffs in cross claim against liability for any and all of the claims arising out of the March

2009 collision, including but not limited to claims asserted in the above captioned matter (all claims currently consolidated under case number 09-3209 including 09-6221, 10-1705, and any and all other claims consolidated under case number 09-3209).

24.

St. Paul Fire and Marine Insurance Company, National Casualty Company, and American Alternative Insurance Corporation had a contractual relationship with each other and/or with G & M Marine which caused them to be participants or reinsurers on the G & M Marine insurance policy. The exact nature of their relationship to G & M Marine and the exact nature of their liability under the terms of the policy is unknown to plaintiff in cross claim but, on information and belief, all four entities are obligated to plaintiffs in cross claim as co-insurers under the contract of insurance. For this reason, all insurers will be collectively referred to hereafter as "Insurer" with their respective responsibilities and liabilities to be determined by this Honorable Court after further development of the law and evidence.

25.

Under the terms and conditions of the insurance policy, Insurer is contractually obligated to provide a defense to KENNY BOY OF MANDEVILLE, INC. and the F/V KENNY BOY in connection with all claims arising out of the March 2009 maritime collision, including all claims identified herein above.

26.

After amicable demand, Insurer has failed and refused to provide a defense.

27.

Under the terms and conditions of the insurance policy, Insurer is contractually obligated

to indemnify plaintiffs in cross claim for all amounts due to any person or entity as a result of the collision described above.

28.

Without conceding that any amount is due, plaintiff in cross claim would aver that defendant Insurer has breached its contract by refusing to bond out the F/V Kenny Boy and has anticipatorily breached its contract by declaring that it will not indemnify plaintiff in cross claim for any amount which might ultimately be found to be due by this Honorable Court.

29.

Insurer's failures are in breach of its contractual obligations under the contract of insurance issued to plaintiffs in cross claim.

30.

Insurer's refusal to defend and indemnify is arbitrary, capricious, without probable cause, and in gross disregard of the rights of plaintiffs in cross claim such that plaintiffs in cross claim are entitled to penalties, punitive damages, and attorney fees under applicable law, whether said law be maritime law or Louisiana state law including but not limited to LSA-R.S. 22:1892 (former LSA-R.S. 22:658) and LSA-R.S. 22:1973 (former LSA-R.S. 22:1220).

31.

As additional or alternative causes of action, plaintiffs in cross claim would show the following.

32

Insurer's stated reason for denying coverage is that, at the time of the collision, the vessel was manned by a captain and four deckhands (total crew of five) while the policy allows only for

a captain and three deckhands (total crew of four). Plaintiffs in cross claim would show that the policy is ambiguous and should be interpreted in favor of plaintiffs to allow a crew of a captain and four deckhands and, further, plaintiffs would show that the owners of the F/V KENNY BOY are Vietnamese immigrants who do not read English and, therefore, had to rely on Insurer and Insurer's representatives to interpret and explain the policy terms to them, wherefore Insurer should be bound by the interpretation placed on the policy by Insurer's representatives and should be stopped from denying this interpretation.

33.

Plaintiffs in cross claim would show that the F/V KENNY BOY has always been manned by a crew consisting of a captain and four deckhands, has never sailed with a lesser crew, and the policy has been in force for many years (with a brief lapse after which it was reissued in 2007 or 2008), and Insurer knew or should have known, prior to March 2009, that the F/V KENNY BOY, INC. is a five man vessel which always sails with a captain and four crew members, yet Insurer collected and pocketed the premiums paid by plaintiff in cross claim for many years without raising any concern over the number of crew members aboard the vessel. To date, Insurer has still not offered to return the premiums paid or any portion thereof. Therefore, Insurer is stopped from relying on the number of crew members as a basis for denying coverage.

34.

Plaintiffs in cross claim would further show that, irrespective of whether the policy of insurance issued by Insurer provides coverage for claims arising from the March 2009 collision, Insurer has a general duty of good faith and reasonable care toward its insured which includes a duty to communicate its position clearly if it chooses to deny coverage, including a duty to

unequivocally inform its insured of the status of legal proceedings and the requirements of an independent defense so that the insured will be in on notice and in a position to take reasonable steps for self protection.

35.

In this case, Insurer negligently or wilfully breached its duty of good faith and reasonable care by issuing contradictory and confusing communications to the representatives of plaintiffs in cross claim such that representatives of plaintiffs in cross claim reasonably believed that Insurer would either settle outstanding claims or provide a defense of this matter and reasonably relied on Insurer to protect the interests of plaintiffs in cross claim when, in fact, Insurer had no intention of protecting the interests of plaintiffs in cross claim. Insurer further negligently or wilfully breached its duty of good faith by failing to explain the status of the various lawsuits to the representatives of plaintiffs in cross claim such that these representatives would be aware that a claim and answers were required in order to prevent default and no claim or answer had been filed on behalf of plaintiffs in cross claim.

36.

As a result of this negligent or willful breach of the duty of good faith and reasonable care, a timely answer and a timely claim were not filed on behalf of plaintiffs in cross claim and while the defaults have now been reopened, plaintiffs in cross claim have incurred damages in the form of costs, attorney fees, lost income, and other damages as the result of the Insurer's fault.

37.

As a further result of this breach of the duty of good faith and reasonable care, Bordelon

11

Marine undertook to seize the vessel F/V Kenny Boy (and, as noted above, Insurer has failed and refused to bond the vessel out), causing grievous harm to plaintiffs in cross claim.

38.

The wrongful acts of Insurer detailed above have caused injury to plaintiffs in cross claim in the following respects. The F/V Kenny Boy has been seized, causing immediate economic loss to KENNY BOY OF MANDEVILLE, INC. and forcing KENNY BOY OF MANDEVILLE, INC. to defend against a possible interlocutory sale forcing KENNY BOY OF MANDEVILLE, INC. to try and arrange bond under disadvantageous circumstances; KENNY BOY OF MANDEVILLE, INC. has been forced to incur attorney fees and costs and expenses of litigation in order to defend itself, will be forced to incur additional costs in future, may be forced to incur further costs in order to bond out the F/V Kenny Boy, and, finally, plaintiffs in cross claim are at risk of being held liable in judgment to some or all of the claimants herein, said judgments possibly including awards for interest and costs. The exact amount of damages which may be due from Insurer to plaintiffs in cross claim cannot be determined with certainty at this time, but plaintiffs in cross claim would estimate that these losses could be as high as one million dollars ($1,000,000) plus penalties, attorney fees, and punitive damages and plaintiffs in cross claim would respectfully ask for an award in the amount of one million dollars plus penalties, attorney fees, and punitive damages or such other amount as may reasonably be found to be due by this Honorable Court, said award to be made against the defendant insurance companies, jointly, severally, or as their respective liabilities may otherwise be determined to exist hereafter.

40.

Plaintiff in cross claim would contend that plaintiff in cross claim has the right to recover

12

actual damages from Insurer in excess of the policy limits due to the nature of Insurer's wrongful acts herein.

## REQUEST FOR TRIAL BY JURY

Defendants/plaintiffs in cross claim request a trial by jury on all issues so triable herein, whether presented by way of answer, counterclaim, or cross claim.

WHEREFORE KENNY BOY OF MANDEVILLE, INC. and F/V KENNY BOY pray for dismissal of all claims asserted against them herein with prejudice at claimants' cost;

and taking the position of plaintiffs in counterclaim, KENNY BOY OF MANDEVILLE, INC. and F/V KENNY BOY pray for judgment against defendants in counterclaim and in cross claim BORDELON MARINE, INC., the M/V RACHEL BORDELON a vessel sued in rem, G&M Marine, Inc., St. Paul Fire and Marine Insurance Company, National Casualty Company, and American Alternative Insurance Company, jointly, severally, or as their respective liabilities may otherwise appear at trial of this matter, in the amount of one million dollars ($1,000,000.00) or such other amount as may reasonably be shown to be due herein, plus punitive damages, penalties, attorney fees, legal interest as provided by law, and all costs of this proceeding;

KENNY BOY OF MANDEVILLE, INC. and F/V KENNY BOY **PRAY FOR TRIAL BY JURY ON ALL ISSUES SO TRIABLE HEREIN,** whether asserted by answer, counterclaim, cross claim or otherwise.

Respectfully submitted,

_____
JAMES P. DESONIER (# 4907)
450 N. Causeway Blvd, Suite C
Mandeville, Louisiana 70448
Telephone: (985) 951-8510
Facsimile: (985) 951-8545

## CERTIFICATE

I hereby certify that on the 22nd day of November, 2010, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record, by operation of the court's electronic filing system.

_____
James P. DeSonier