**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BORDELON MARINE, INC.** | **CIVIL ACTION NO:** 09-3209 |
| | c/w 09-6221 |
| **VERSUS** | c/w 10-1705 |
| **F/V KENNY BOY, ET AL** | **SECTION:** "R" |
| *Consolidated Case:* | **DIVISION:** "3" |
| **PHUC VAN TRAN** | **JUDGE:** SARAH H. VANCE |
| **VERSUS** | |
| **KENNY BOY OF MANDEVILLE, INC., ET AL** | **MAGISTRATE:** DANIEL KNOWLES |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT ON BEHALF OF NATIONAL CASUALTY
COMPANY, AMERICAN ALTERNATIVE INSURANCE CORPORATION AND
ST. PAUL FIRE & MARINE INSURANCE COMPANY**

**MAY IT PLEASE THE COURT:**

Bordelon Marine, Inc. ("Bordelon"), owner of the M/V RACHEL BORDELON, the vessel that collided with the F/V KENNY BOY, has filed an opposition to the Motion for Summary Judgment filed on behalf of National Casualty Company, American Alternative Insurance Corporation and St. Paul Fire & Marine Insurance Company (hereafter

"Insurers"), of the F/V KENNY BOY and its owner, Kenny Boy of Mandeville, Inc. ("Kenny Boy").

Bordelon's opposition is based on the theory that coverage was denied by Insurers because Kenny Boy made material misrepresentations or false statements in its application for Protection & Indemnity (P&I) and Hull insurances with them. According to Bordelon, Louisiana law applies to our situation, and that under Louisiana law an insurer cannot deny coverage due to the applicant making misrepresentations or false statements in the application process unless it is proven that the misrepresentation or false statement was made with the intent to deceive (*citing,* La. R.S. 22:680, formerly La. R.S. 22:619). According to Bordelon, because there is no proof that Kenny Boy intended to deceive, there are contested issues of material fact and, thus, the Motion for Summary Judgment should be denied.

Bordelon is wrong for several reasons.

**Reason No. 1:**

Bordelon would have this Court believe that coverage was denied because Kenny Boy made misrepresentations or false statements in its application for insurance and frames its opposition on this presumption. This is not true. Insurers have never alleged that Kenny Boy or anyone else ever made a misrepresentation or false statement in its application for insurance. Insurers did not deny coverage because of a misrepresentation or false statement by Kenny Boy. Exhibit "C" to Insurers' Motion, the denial of coverage letter dated March 23, 2009, makes it clear that coverage was denied because there were five (5) persons on board the F/V KENNY BOY at the time of the collision which is the subject of this lawsuit). Exhibit "A" to insurers' Motion, the P&I and Hull insurance policy,

2

contains a TOTAL ON BOARD WARRANTY which clearly states that, "It is warranted that the total number of persons aboard the vessel named herein at any time shall not exceed four."  Coverage was denied because Kenny Boy breached this explicit warranty, not because of any misrepresentation made by Kenny Boy in the negotiations and application for insurance.

Bordelon well knows this to be the fact.  This is supported by the fact that Bordelon did not contest or take issue with any of the Uncontested Material Facts submitted by Insurers in support of their Motion for Summary Judgment.  See Insurers' Uncontested Material Facts Nos. 4, 6 and 7.  See also Bordelon's response to Insurers' Uncontested Material Facts in which Bordelon makes no challenge to any of the Uncontested Material Facts submitted by Insurers.  Bordelon does not contest that coverage was denied due to breach of the TOTAL ON BOARD WARRANTY by Kenny Boy when it had five persons on board at the time of the collision.

This is not a case where coverage was denied because of misrepresentations made by the insured during the application process.  It is a case where coverage was denied because the insured breached an explicit warranty found within the policy.

**Reason No. 2:**

That coverage was denied because of the breach of an explicit warranty and not because of any alleged misrepresentation is supported by the fact that the policy in question (Exhibit "A"), contains a separate provision that would permit insurers to void coverage if Kenny Boy had made a misrepresentation or false statement.

On Page 14 of the policy in the General Terms, Conditions and Warranties Commercial Vessel Clauses where the TOTAL ON BOARD WARRANTY is found, is the

3

following provision:

> ***MISREPRESENTATION CLAUSE***
>
> If the Assured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject matter thereof, or in case of any fraud, attempted fraud, or false swearing by the Assured, touching any matter related to this insurance or to the subject thereof, whether before or after a loss, coverage under this policy will be forfeited, which otherwise was granted.

If the insurers were of the belief that Kenny Boy made representations during the application process, it could have relied on this clause and denied coverage. It did not. Coverage was denied because Kenny Boy breached the TOTAL ON BOARD WARRANTY. This is a "breach of warranty" dispute, not a "misrepresentation" dispute. Bordelon has misconstrued the issue before the Court.

**Reason No. 3:**

Bordelon states that Louisiana law applies to the interpretation of this policy of marine insurance, and that application of Louisiana law prohibits these insurers from denying coverage due to alleged misrepresentations and false statements made during negotiation and application for insurance.

In support of its argument, Bordelon says that if the Court applies the *Wilburn Boat Company v. Fireman's Fund Ins. Co.,* 348 U.S. 310, 75 S.Ct. 368 (1955) test for determining whether a insurance policy should be interpreted by state or federal maritime law, that Louisiana law should govern.

According to Bordelon, the controlling Louisiana law is found in the Louisiana Insurance Code, Title 22, Louisiana Revised Statutes. In particular, Bordelon points to La. R.S. 22:860 (formerly cited as La. R.S. 22:619), titled "WARRANTIES AND

MISREPRESENTATIONS IN NEGOTIATION; APPLICATIONS." La. R.S. 22:860, sometimes referred to as the Louisiana Anti-Technical Statute, states, in essence, that an insurer may not void coverage unless there is a material misrepresentation made by the insured in the application process with the intent to deceive.

If Bordelon is correct that this is a "misrepresentation case," and not a "breach of warranty case," and that Louisiana law applies, its reliance on La. R.S. 22:860 does not do it any good. What Bordelon does not tell the Court is that we should first read the statutes in the Insurance Code that precede La. R.S. 22:860.

The first Statute to read in the Insurance Code is La. R.S. 22:47, titled, "KINDS OF INSURANCE." In La. R.S. 22:47 (13)(e), titled "Marine and Transportation," the Code describes and defines "Marine protection and indemnity insurance" as:

> ". . . meaning insurance against or against legal liability of the insured for, loss, damage, or expense incident to ownership, operation, chartering, maintenance, use, repair, or construction of any vessel, craft, or instrumentality in use in ocean or inland waterways, including liability of the insured for personal injury, illness, or death or for the loss of or damage to the property of another person . . ."

This is precisely the type of insurance that the insurers provided to Kenny Boy and, as is found in Exhibit "A," the P&I and Hull policy issued to Kenny Boy. See Insurers' Uncontested Material Fact No 3, which is unchallenged.

In 1989, the Louisiana Supreme Court was asked to determine if protection and indemnity (P&I) insurance constituted "ocean marine" insurance as identified in the Louisiana Insurance Code, R.S. 22:47 (13)(e). In *Backhus v. Transit Casualty Company,* 549, So.2d 183 (La. 1989), Justice Dixon, writing for the Court, conducted a thorough analysis of the history and development of these types of marine insurance, and held:

5

> "Protection and indemnity insurance is consistently treated as marine insurance within the industry. This common usage, coupled with the inclusion of protection and indemnity insurance in R.S. 22:6(13) (now R.S. 22:47 (13)), <u>leads to the conclusion that the term "ocean marine insurance" includes protection and indemnity insurance . . .</u>"

(emphasis added.) *See, also, Grubbs v. Gulf International Marine,* 625 So.2d 495 (La. 1993), where the Louisiana Supreme Court affirmed Justice affirmed Justice Dixon's holding.

The next Statute in the Insurance Code to read is La. R.S. 22:851 (formerly cited as La. R.S. 22:611), titled "SCOPE OF PART," referring to Title 22, Insurance Code, Chapter 4, Part 1, "Insurance and Policy Requirements in General." R.S. 22:860 is found in this part. The first sentence of La. R.S. 22:851 states:

> "The applicable provisions of this Part shall apply to insurance **OTHER THAN OCEAN MARINE** and foreign trade insurances."

(emphasis added).

La. R.S. 22:851 and La. R.S. 22:860 are both found in Chapter 4, Part I of the Insurance Code.

This is significant because La. R.S. 22:851 exempts ocean marine insurance (P&I policies) from control by La. R.S. 22:860, and there is no requirement that insurers prove any intent on the part of Kenny Boy to deceive. La. R.S. 22:851 plainly states that the provisions of La. R.S. 22:860 and the other statues in Part I of the Insurance Code, do not apply to ocean marine insurance or P&I Insurance.

This was the subject of *Steptore v. Masco Construction Co.,* 619 So.2d 1183 (1st Cir. 1993). In that case, the insurer of a vessel denied coverage for a personal injury that occurred on a vessel owned by Masco. The reason for the denial of coverage was that

6

Masco had violated the Navigation Warranty in the policy. The vessel was to work only at Mile 132.5 on the Mississippi River. The injury occurred when the vessel was working at Mile 168. Masco argued that the Navigation Warranty was a representation made in the course of negotiating the policy, such that Ocean Marine, the insurer, would be precluded from avoiding coverage on the grounds that La. R.S. 22:619 (now La. R.S. 22:860), prevents insurers from using such representations as exclusions. The Court stated, "We need not determine whether the navigation warranty at issue was a representation made in the negotiation of the policy because Part XIV of the Insurance Code, containing La. R.S. 22:619, (now La. R.S. 22:860), does not apply to Ocean Marine's policy. *See,* La. R.S. 22:6(13) (now La. R.S. 22:47 (13)(e), 22:611 (A) (now La. R.S. 22:860(a)); *Backhus v. Transit Casualty Company* 549 So.2d 283, 289 (La. 1989). Ocean Marine's policy is an ocean protection and indemnity policy. Therefore, Ocean Marine is not precluded from asserting the navigation warranty as an exclusion to coverage."

Because Bordelon bases its entire opposition on the erroneous assumption that coverage was denied because of a misrepresentation or false statement by Kenny Boy when it applied for insurance, and because the Louisiana statute on which Bordelon rests its case does not apply to marine protection and indemnity (P&I) policies, Bordelon's entire opposition must be rejected.

But there is more.

**Reason No. 4:**

The federal maritime law and the law of Louisiana are the same when applied to breach of an express warranty in a policy of marine insurance. Breach of an express

7

warranty in a maritime insurance policy voids coverage under either Louisiana law or federal maritime precedent.

In the admiralty law, express warranties are strictly construed and breach of an express warranty by the insured releases the insurance company from liability even if compliance with the warranty would not have avoided the loss. *New York Marine & General Insurance Company v. Gulf Marine Towing, Inc.,* 1994 A.M.C. 976 (E.D. La. 1993).

Louisiana law also strictly construes warranties in insurance policies. Breach of an unambiguous express warranty in a maritime policy operates to void coverage. (It should be noted that Bordelon makes no claim that the TOTAL ON BOARD WARRANTY is ambiguous). *Thanh Long Partnership v. Highlands Insurance Co.,* 32 F.3d 189 (5th Cir. 1994), *Graham v. Milky Way,* 824 F.2d 376 (5th Cir. 1987), *Albany Insurance Company v. Nguyen,* 1996 WL 680252 E.D. La. 1996, in which Judge Duval adopted the analysis of Judge Clement in *New York Marine, supra,* which found, "no material difference between Louisiana and federal law," on this issue.

The issue before the Court is, did Kenny Boy breach an express warranty in the policy and does that void coverage? Under either federal maritime law or Louisiana law, the answer is the same. Yes, Kenny Boy breached the warranty (Bordelon does not deny that the warranty was breached), and coverage is thus voided.

                Respectfully submitted,

                /s/ Jacques P. DeGruy

                _____
                WILTON E. BLAND, III   (#3123)
                PATRICK E. COSTELLO  (#26619)
                JACQUES P. DEGRUY   (#29144)
                MOULEDOUX, BLAND, LEGRAND

                                 & BRACKETT, LLC
                                 701 Poydras Street, Suite 4250
                                 New Orleans, Louisiana 70139
                                 Telephone: (504) 595-3000
                                 Facsimile: (504) 522-2121
                                 *Attorneys for National Casualty Company, American Alternative Insurance Corporation and St. Paul Fire & Marine Insurance Company*

*H:\0520\10270 Phuc Tran\Pleadings\Supp Memo to MSJ Insurers\Supp Memo to Insurers MSJ.wpd*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 4, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel in this matter:

Stephen Skelley Kreller

Robert S. Reich

James P. DeSonier

Neil F. Nazareth

Scott R. Bickford

Alexandre E. Bonin

There are no known non-participating CM/ECF parties.

                           /s/ Jacques P. DeGruy