UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BORDELON MARINE, INC., ET AL.                    CIVIL ACTION

VERSUS                                           NO: 10-1705 c/w
                                                 09-3209, 09-6621

F/V KENNY BOY, ET AL.                            SECTION: R(3)

## ORDER AND REASONS

Before the Court is the F/V KENNY BOY's motion to dismiss
Phuc Van Tran's action against her in civil action number 10-1705
for improper process, service of process, and lack of *in rem*
jurisdiction.[1]  Because the F/V KENNY BOY was not arrested in
Phuc Van Tran's action, and because the vessel owner preserved
its challenge the Court's jurisdiction, the Court GRANTS the F/V
KENNY BOY'S motion.

---

[1]   (R. Doc. 84.)  Unless otherwise indicated, all record
citations refer to the docket in civil action number 09-3209.

**I. BACKGROUND**

This case arises out of the March 14, 2009 collision of the F/V KENNY BOY, which is owned by Kenny Boy of Mandeville, Inc., and the M/V RACHEL BORDELON, which is owned by Bordelon Marine, Inc.  On April 2, 2009, Bordelon filed suit against the F/V KENNY BOY, *in rem*, and Kenny Boy, *in personam*, alleging that the M/V RACHEL BORDELON suffered significant damage as a result of the collision and that the collision resulted exclusively from Kenny Boy's fault and negligence.[2]  On September 9, 2009, Bordelon filed a separate complaint seeking exoneration from or limitation of liability from any claims arising out of the collision.[3]

On November 11, 2009, Phuc Van Tran, Cuong Van Le, Hanh Van Truong, and Thinh Ba Nguyen, crew members who were working aboard the F/V KENNY BOY at the time of the collision, filed an answer and complaint denying that either the M/V RACHEL BORDELON or the F/V KENNY BOY are entitled to limitation of liability.[4]  They seek maintenance and cure from the F/V KENNY BOY and Kenny Boy as well as damages for injuries resulting from the collision, which they allege resulted from the negligence of Kenny Boy and

---

[2]     (R. Doc. 1 at ¶¶ 9, 12.)

[3]     (Civ. A. No. 09-6221, R. Doc. 1.)

[4]     (R. Doc. 11.)

2

Bordelon and/or the unseaworthiness of the F/V KENNY BOY and the M/V RACHEL BORDELON.[5]

On June 9, 2010, Phuc Van Tran filed a separate complaint against the F/V KENNY BOY, *in rem*; Kenny Boy, *in personam*; G&M Marine, Inc.; St. Paul Fire & Marine; National Casualty Company; and American Alternative Insurance Corporation, which Phuc Van Tran alleges are liable for his injuries and maintenance and cure.[6]  The three cases were consolidated on June 14, 2010 and Bordelon's initial action, number 09-3209, was designated as the lead case.[7]

Bordelon moved for issuance of an arrest warrant for the F/V KENNY BOY on June 11, 2010.[8]  On June 28, 2010, the Court authorized the issuance of the arrest warrant and ordered the United States Marshal Service to arrest the vessel.[9]  The warrant was returned executed on July 1, 2010.[10]  Pursuant to Rule C(6)

---

[5]    (*Id.*)

[6]    (Civ. A. No. 10-1705, R. Doc. 1.)  The Court dismissed Phuc Van Tran's claim against G&M on January 18, 2011.  (R. Doc. 226.)

[7]    (R. Doc. 39.)

[8]    (R. Doc. 25.)

[9]    (R. Doc. 42.)

[10]    (R. Doc. 44.)

3

of the Supplemental Rules for Admiralty and Marine Claims, Kenny Boy filed a "claim of owner"[11] for the F/V KENNY BOY on August 18, 2010.[12]   Sometime after, Phuc Van Tran sent his complaint to Kenny Boy and the F/V KENNY BOY via certified mail through Kenny Boy's agent of service of process, Dong Van Tran.[13]

The F/V KENNY BOY now moves to dismiss Tran's claims against her for insufficient process, insufficient service of process, and lack of *in rem* jurisdiction.[14]

## II.   DISCUSSION

Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims prescribes the procedure for obtaining jurisdiction *in rem* in admiralty cases.   Rule C(2) requires the filing of a verified complaint stating that the property that is the subject of the action "is within the district or will be during the pendency of the action."   Rule C(3) provides for issuance of a warrant for the arrest of the vessel if the

---

[11]   A "claim of owner" is a verified document filed by the claimant stating its possessory interest in the vessel, demanding restitution and the right to defend the vessel.   *Cactus Pipe & Supply Co.*, 756 F.2d 1103, 1107 n.5 (5th Cir. 1985).

[12]   (R. Doc. 55.)

[13]   (R. Doc. 64.)

[14]   (R. Doc. 84.)

4

conditions for an *in rem* action appear to exist.  "This arrest or seizure of the property gives the court jurisdiction." *Wong Shing v. M/V MARDINA TRADER*, 564 F.2d 1183, 1186 (5th Cir. 1977). In addition, to effectuate process for a vessel, "the warrant and any supplemental process must be delivered to the marshal for service." Fed. R. Civ. P. Supp. R. C(3)(b)(I).

It is undisputed that Phuc Van Tran did not follow the procedures set forth in Rule C in bringing his action against the F/V KENNY BOY.  His complaint was not verified, and it did not state that the vessel was or would be within the district while the action is pending.[15]  Accordingly, no arrest warrant was issued by the Court with regard to his action, and no warrant was delivered to the marshal for service.  Instead, Phuc Van Tran attempted to serve the F/V KENNY BOY by mailing a copy of his complaint *via* certified mail to the vessel's owner, Kenny Boy, through its agent of service of process, Dong Van Tran.[16]

Phuc Van Tran asserts that he was not required to follow the procedures set out in Rule C because the F/V KENNY BOY had already been arrested in relation to Bordelon's action, which was

---

[15]   (Civ. A. No. 10-1705, R. Doc. 1.)

[16]   (R. Doc. 65.)

consolidated with his by the time he served his complaint.[17]
Yet, that the F/V KENNY BOY had already been arrested at the time
Phuc Van Tran brought his action does not relieve him of Rule C's
requirements.  The Eleventh Circuit has explained that, "in
almost every case of the arrest of a vessel lienors other than
the initiating plaintiff will surface and will normally seek to
proceed against the vessel." *Donald D. Forsht Assoc., Inc. v.
Transamerica ICS, Inc.*, 821 F.2d 1556, 1560 (11th Cir. 1987).  In
such situations, two options are available to those lienholders:
"[t]hey can either initiate an independent *in rem* action or move
to intervene in the existing action." *Id.* at 1560.  If the
lienor chooses to initiate an independent action, an earlier
arrest of the vessel by another plaintiff is immaterial. *Cf.
Transorient Navigators Company v. M/S SOUTHWIND*, 788 F.2d 288,
291-93 (5th Cir. 1986) (holding that the United States could not
seek contribution from a vessel because it had not followed the
procedures of Rule C, even though the vessel had already been
arrested by another party in a consolidated case).  Nor is it
relevant that Phuc Van Tran's action was consolidated with
Bordelon's at the time Phuc Van Tran filed his complaint.  As the
Supreme Court explained in *Johnson v. Manhattan Ry. Co.*, 289 U.S.

---

[17]     (R. Doc. 116 at 3-4.)

6

479 (1933), "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Id.* at 496-97; *see also* 9A C. Wright & A. Miller, *Federal Practice and Procedure*, § 2383 (3d ed. 2008) (explaining that cases consolidated under Rule 42 do not lose their separate identity).

Phuc Van Tran also contends that the Court has *in rem* jurisdiction because, after the arrest of the F/V KENNY BOY, Kenny Boy filed a "claim of owner" that listed the case number for his case, number 10-1705, along with the number for the lead case, number 09-3209.[18]  His argument appears to be based on *Cactus Pipe & Supply Co., Inc. v. M/V MONTMARTRE*, 756 F.2d 1103 (5th Cir. 1985), in which the Fifth Circuit addressed a similar issue.  That case involved two consolidated actions against a vessel, the MONTMARTRE, for damages to cargo.  Although the MONTMARTRE was never arrested, the vessel owner flied two claims of owner, one for each action, to assert its interest in the vessel under Rule C(6).  The two claims were identical, except that the second included the language "without waiving its

---

[18]    (R. Doc. 116 at 2-3; R. Doc. 55.)

defense that it is not subject to the jurisdiction of this Honorable Court." *Id.* at 1106.  The district court concluded that, because the MONTMARTRE had not been arrested, there was no *in rem* jurisdiction in either action.  On appeal, the Fifth Circuit explained that when a vessel owner lays claim to a vessel through a claim of owner, he has appeared on the vessel's behalf. *Id.* at 1110.  It further explained that, by filing an "unconditional claim" for the MONTMARTRE in the first action, the owner's appearance had "perfected" the *in rem* jurisdiction of the district court.  *Id.* at 1110-11.  Yet, with regard to the second action, it agreed with the district court that *in rem* jurisdiction was lacking, because the owner had "adequately preserved its challenge to *in rem* jurisdiction."  *Id.* at 1111-12.

*Cactus Pipe* – in holding that a claim of owner can, absent a reservation of a jurisdictional objection, waive challenges to *in rem* jurisdiction – represents an exception to the general rule that arrest of the vessel is required.  *See Sembawang Shipyard, Ltd. v. Charger, Inc.*, 955 F.2d 983, 989-90 (recognizing the *Cactus Pipe* exception and applying it to a challenge to *in personam* jurisdiction); 2 Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 21-3 at 407 & n.22 (4th ed. 2004) (explaining that *Cactus Pipe* extended the doctrine that "a letter of undertaking on behalf of a vessel owner can perfect *in rem* jurisdiction of

the court, although the vessel is not actually seized"). The exception, however, is inapplicable to this case. Unlike the first "unconditional claim" in *Cactus Pipe*, Kenny Boy's claim of owner contains the following disclaimer:

> This claim is made for the sole purpose of securing to the claimant the right and privilege of defending on behalf of the vessel, against the complaint filed herein, and neither the owner nor the vessel by filing of this claim of owner agree to any special appearance or waive any of their rights to file pleadings directed to the complaint herein or any amendments thereof.[19]

Kenny Boy's claim of owner does not specifically reference a challenge to jurisdiction. Yet, the statement that it does not "agree to any special appearance or waive any . . . rights to file pleadings directed to the complaint" indicates an intention to raise a jurisdictional defense. *See Black's Law Dictionary* 114 (9th ed. 2009) (defining "special appearance" as "[a] defendant's pleading that it either claims that the court lacks personal jurisdiction over the defendant or objects to improper service of process"). Although Kenny Boy's statement was inartfully worded, it was sufficient to preserve Kenny Boy's challenge to the Court's *in rem* jurisdiction.

Because no *in rem* process was issued, the F/V KENNY BOY was not arrested, and Kenny Boy's claim of owner did not perfect

---

[19]   (R. Doc. 55.)

jurisdiction, the Court finds that it lacks *in rem* jurisdiction
to hear Phuc Van Tran's claim against the F/V KENNY BOY in this
case.  *See Pacific Employers Insurance Co. v. M/V GLORIA*, 767
F.2d 229, 234 (5th Cir. 1985) (vacating an *in rem* judgment where
no *in rem* process was ever issued, the vessel was not arrested,
and no answer was filed on behalf of the vessel) (citing *Cactus
Pipe*, 756 F.2d at 1103); *Associated metals & Minerals Corp. v. SS
PORTORIA*, 484 F.2d 460, 461-62 (5th Cir. 1973) (concluding that
*in rem* jurisdiction did not exist where "no process *in rem* was
issued, the PORTORIA was not arrested, and the owner did not
waive attachment of the vessel").  The Court notes, however, that
the F/V KENNY BOY was properly arrested pursuant to Rule C in
civil action number 09-3209 and that Phuc Van Tran was granted
leave to intervene in that case on October 27, 2010.[20]  Phuc Van
Tran may therefore proceed against the F/V KENNY BOY as an
intervenor.  *See, e.g.*, *Transamerica*, 821 F.2d at 1560 ("In the
present case, numerous lienholders initiated their own *in rem*
actions and deposited advance funds with the Marshal, others
intervened in Transamerica's action."); *The Governor & Co. of the
Bank of Scotland v. MARIA S.J. M/V*, 1998 WL 781988, *2 (E.D. La.
1998) (holding that crewmembers who intervened asserting claims

---

[20]    (R. Doc. 161.)

10

for unpaid and delayed wages were not required to independently arrest the vessel to establish *in rem* jurisdiction); *see also* 8 *Benedict on Admiralty* § 33 (noting that plaintiffs entering an action following arrest of a vessel are "'intervenors' under Rule 24, probably intervenors of right under Rule 24(a)").

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the F/V KENNY BOY's motion and DISMISSES WITHOUT PREJUDICE Phuc Van Tran's claim against the F/V KENNY BOY in civil action number 10-1705.

New Orleans, Louisiana, this 25th day of January, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

11