UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

BORDELON MARINE, INC., ET AL.                CIVIL ACTION

VERSUS                                       NO: 09-3209 c/w
                                             09-6221, 10-1705

F/V KENNY BOY, ET AL.                        SECTION: R(3)


**ORDER AND REASONS**

Before the Court is defendants St. Paul Fire & Marine Insurance Company, National Casualty Company, and American Alternative Insurance Corporation's (collectively, the "Insurers'") motion for summary judgment.[1] Because there are material issues of fact as to whether the insurance policy at issue should be reformed, the Court DENIES the motion.

**I.   BACKGROUND**

This case arises out of the March 14, 2009 collision of the F/V KENNY BOY, which is owned by Kenny Boy of Mandeville, Inc., and the M/V RACHEL BORDELON, which is owned by Bordelon Marine, Inc.  At that time, the F/V KENNY BOY was insured for marine and hull coverage as well as protection and indemnity (P&I) under a

---

[1] (R. Doc. 103.)  Unless otherwise indicated, all record citations refer to the docket in civil action number 09-3209.

policy "[e]ffected by G&M Marine, Inc. – Marine Insurance Underwriters."[2] The policy lists the three Insurers as "subscribers" who were together responsible for 100 percent of Kenny Boy's total coverage.[3] The policy is signed by an employee of G&M, which the policy identifies as the Insurers' "Duly Authorized Representative."[4] Also relevant to this matter, the policy includes a "Total On Board Warranty," which states, "Notwithstanding anything contained herein to the contrary, it is warranted that the total number of persons aboard the vessel(s) named herein at any one time shall not exceed 4."[5] Dong Van Tran, an owner and operator of Kenny Boy and captain of the F/V KENNY BOY applied for and obtained the policy on Kenny Boy's behalf.[6]

In a March 29, 2009 letter sent from G&M to Kenny Boy regarding the collision, G&M said it investigated the circumstances surrounding the collision and discovered that a crew member who was aboard the F/V KENNY BOY, Phuc Van Tran,

---

[2]   (R. Doc. 103-2 at 1.)

[3]   (*Id.* at 2.)

[4]   (*Id.*)

[5]   (*Id.*)

[6]   (R. Doc. 112-2.)

alleged injuries to his wrist and back as a result of the collision.[7] The investigation also revealed that, at the time of the collision, there were a total of five people aboard the F/V KENNY BOY.[8] The letter informed Kenny Boy that, because the total number of persons aboard the F/V KENNY BOY exceeded four at the time of the collision, the policy did not afford P&I coverage to Kenny Boy for Phuc Van Tran's claim.[9]

On April 2, 2009, Bordelon filed suit against the F/V KENNY BOY, Kenny Boy, and G&M.[10] Bordelon alleges that the M/V RACHEL BORDELON suffered significant damage as a result of the collision and that the collision resulted exclusively from Kenny Boy's fault and negligence.[11] On September 9, 2009, Bordelon filed a separate complaint seeking limitation of liability from any personal injury claims arising out of the incident.[12] The two cases were consolidated on September 22, 2009.[13]

---

[7]   (R. Doc. 103-5, Ex. C.)

[8]   (R. Doc. 103-5, Ex. C. *See also* R. Doc. 103-4, Ex. B; R. Doc. 103-6, Ex. D.)

[9]   (*Id.*)

[10]   (R. Doc. 1.)

[11]   (R. Doc. 1 at ¶¶ 9, 12.)

[12]   (Civ. A. No. 09-6221, R. Doc. 1.)

[13]   (R. Doc. 8.)

On November 11, 2009, four crew members of the F/V KENNY BOY who were allegedly injured in the collision, Phuc Van Tran, Cuong Van Le, Hanh Van Truong, and Thinh Ba Nguyen, filed an answer and complaint in Bordelon's first suit, alleging that Kenny Boy, the F/V KENNY BOY, Bordelon, the M/V BORDELON, and G&M Marine are jointly and severally liable for their injuries.[14]  They seek maintenance and cure, as well as damages for injuries resulting from the collision, which they allege resulted from the negligence of Kenny Boy and Bordelon and/or the unseaworthiness of the F/V KENNY BOY and the M/V RACHEL BORDELON.[15]

On June 9, 2010, Phuc Van Tran filed a separate complaint against the F/V KENNY BOY, Kenny Boy, G&M, and the Insurers alleging negligence on the part of defendants.[16]  Phuc Van Tran asserts that defendants are jointly and severally liable for his personal injuries resulting from the collision and that Kenny boy is responsible for maintenance and cure.[17]  Phuc Van Tran seeks attorneys fees and court costs with respect to Kenny Boy's denial of maintenance and cure, alleging that the denial was arbitrary

---

[14]   (R. Doc. 11.)

[15]   (*Id.*)

[16]   (Civ. A. No. 10-1705, R. Doc. 1.)

[17]   (Civ. A. No. 10-1705, R. Doc. 1.)

and capricious.  Phuc Van Tran's action was consolidated with the other two actions on June 14, 2010.[18]

The Insurers now move for summary judgment on Phuc Van Tran's claims against them.[19]

## II.  STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."  *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are

---

[18]   (R. Doc. 39.)

[19]   (R. Doc. 103.)

5

insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify

specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discover and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

**III. DISCUSSION**

The Insurers argue that summary judgment is appropriate because their only potential liability for Phuc Van Tran's injuries is through Kenny Boy's insurance policy, and that their obligation to provide P&I insurance was voided by Kenny Boy's breach of the Total On Board Warranty.[20] In separate oppositions to summary judgment, Bordelon, Kenny Boy, and Phuc Van Tran all contend that, under La. Rev. Stat. § 22:860 (formerly La. Rev. Stat. 22:619), the Insurers may not bar coverage for Phuc Van Tran's claim absent evidence that of a material misstatement made by the insured during the application process with the intent to deceive.[21]

---

[20]   (R. Doc. 103-1.)

[21]   (R. Doc. 110; R. Doc. 112 at 1-2; R. Doc. 114 at 3-7.)

The Court finds it unnecessary to address the parties' statutory arguments because, as Kenny Boy contends, there are material issues of fact as to the status of the party who placed Kenny Boy's policy with the Insurers and whether that party did so negligently or fraudulently.[22]  This issue is relevant because, under Louisiana law, a written insurance contract can be reformed to conform to the original intention of the parties, whether for mutual error or for the negligent or fraudulent conduct of the agent who issues the policy.[23]  *Farmers-Merchants Bank & Trust Co. v. Employers Nat'l Ins. Corp.*, 553 So.2d 1088, 1089 (La. Ct. App. 1989), *writ denied*, 559 So.2d 141 (La. 1990) (citing *Leitz v. Wentzell*, 461 So.2d 473 (La. Ct. App. 1984), *writ denied*, 462 So.2d 1267 (La. 1985))2 *Couch on Insurance* § 27:15 (3d ed. 2002) ("Clearly [ ] reformation is appropriate where the insurer's agent procures the incorrect coverage while knowing the true intent of the insured, and fraudulent representations on the part of the agent will also justify reformation.").

---

[22]   (R. Doc. 112 at 3-4.)

[23]   The Court notes that, while Kenny Boy characterizes its argument as one of estoppel and/or waiver, Kenny Boy suggests that "any miscommunications or misunderstanding in this case . . . exists due to the fault or neglect of . . . the agent . . . of the three insurers."  (R. Doc. 112 at 3-4.)  As such, Kenny Boy's appears to invoke the doctrine of reformation.

Kenny Boy submits the affidavit of its owner and operator, Dong Van Tran, who explains that he understood he was dealing with persons "who worked for G&M Marine and represented the insurance companies."[24] Dong Van Tran states that, while those persons informed him "the insurance company could not sell insurance to cover the captain," he told them that the F/V KENNY BOY "operates with five people; a captain and four crew members."[25] The Insurers, on the other hand, contend that the individuals identified in Dong Van Tran's affidavit did not work for G&M and that neither they nor G&M communicated with him regarding the policy.  Yet, whether the individuals with whom Dong Van Tran dealt were direct employees of G&M is not dispositive, as they still could have acted on G&M's behalf.  *See Tinter v. Aetna Life Ins. Co.*, 291 So.2d 774, 777-78 (La. 1974) (holding that a broker who procures insurance that is accepted and issued by an insurance company pursuant to forms furnished to the broker by the company is considered an agent of such company in the issuance of the policy); *id.* at 778 (explaining that the existence of an agency relationship is dependant on the particular circumstances of the transaction and that the

---

[24]   (R. Doc. 112-2.)

[25]   (R. Doc. 112-2.)

statutory definitions of agent, broker, or solicitor are "not determinative of whether, in a given instance, a broker or solicitor may not also serve as an agent of the insurer"). If Dong Van Tran informed an agent of the Insurers that Kenny Boy required a policy that permitted the F/V KENNY BOY to operate with a captain and four crew members and was lead to believe that is what he obtained, the Total On Board Warranty in the policy may be unenforceable as written. *See Fontenot v. American Fidelity Fire Ins. Co.*, 386 So.2d 165, 168 (La. Ct. App. 1980) ("If an agent has knowledge of the true intention of the policyholder as to the coverage sought, the insurer is bound by the agent's knowledge, and the policy thus issued will be reformed to conform to the original intention."). Given the presence of issues of material fact regarding whether the insurance policy should be reformed, summary judgment is inappropriate. *See Raymond v. Zeringue*, 422 So.2d 534, 536 (La. Ct. App. 1982) (reversing the trial court's grant of insurer's motion for summary judgment due to questions of fact as to an agency relationship between the insurer and the entity that submitted the insured's application).

**IV.   CONCLUSION**

For the foregoing reasons, the Insurers' motion is DENIED.

New Orleans, Louisiana, this <u>1st</u> day of February, 2011.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE